[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 15, 2006
THOMAS K. KAHN
CLERK

No. 06-13403
Non-Argument Calendar

_____

D. C. Docket No. 05-00338-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FREDRICK MARION HOLLIMAN, Jr.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(December 15, 2006)**

Before TJOFLAT, HULL and FAY, Circuit Judges.

PER CURIAM:

Fredrick M. Holliman, Jr. appeals his five concurrent 40-month sentences for making and possessing counterfeit securities in violation of 18 U.S.C. § 513(a). On appeal, Holliman argues that his 40-month sentence was the result of an upward departure under the Guidelines and not a variance (i.e., a sentence based on the district court's consideration of the 18 U.S.C. § 3553(a) factors after properly calculating the advisory Guidelines range). As a result, he argues that the district court plainly erred by failing to give him notice of the upward departure under Rule 32(h) of the Federal Rules of Criminal Procedure[1] and also erred by departing based on impermissible grounds. Alternatively, Holliman argues that his sentence is unreasonable. For the reasons set forth more fully below, we affirm.

We must first determine whether the district court's 40-month sentence was based on a departure under the Guidelines or a variance. The district court calculated an advisory Guideline range of 24-30 months' imprisonment based on a total offense level of 13 and a criminal history category of IV. Before imposing Holliman's sentence, the district court asked Holliman what arguments he had as to

---

[1] The rule provides:

> Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

Fed.R.Crim.P. 32(h).

"nonguidelines factors" and Holliman made arguments under various 18 U.S.C.

§ 3553(a) factors. After Holliman addressed the court and the parties made further

arguments, the district court stated:

> All right. Well, I've considered the statutory purposes of sentencing and I've considered the sentencing guidelines and I find that the guidelines do not provide for an appropriate sentence in your case, Mr. Holliman.
>
> I find that you are a ringleader in a check-cashing scheme that recruited, through your efforts and others, teenage girls to go in and cash checks at businesses. I find that the scheme was extensive, that your participation in it was extensive. I find that the loss in this case was based upon simply what was in the computer at the time you were arrested, but that the losses extend far beyond that. They don't account for any of the losses in Pensacola, which I do not believe you are telling the Court the truth when you say you didn't have anything to do with that.
>
> It tempts me to take away your acceptance of responsibility and to add an enhancement for obstruction. But I'm not going to do that, because I'm going above the guidelines anyway.
>
> I find that the guidelines do not provide an adequate sentence in your case, not only because the loss is inadequate, based upon the evidence that I've heard, and the fact that you've recruited teenage people to do the hard part of the work, which is the going in and facing the criminal culpability basically for cashing these checks. And I just don't think the guidelines provide for enough time. You deserve greater punishment based upon your particular circumstances and your criminal background.

After the district court announced its sentence, Holliman asked the district court

whether it was "ordering an upward departure" and the district court responded in

the affirmative.

Although the district court agreed, in response to Holliman's question, that it

3

was imposing an "upward departure," Holliman did not phrase the question so as to clarify that he was referring to an upward departure under the Guidelines. Thus, the district court's response to this question is ambiguous, particularly in light of its prior analysis. This prior analysis mirrors the district court's comments in United States v. Irizarry, 458 F.3d 1208, 1210-11 (11th Cir. 2006), pet. for cert. filed, (Oct. 26, 2006) (No. 06-7517), where we concluded that the district court imposed a variance and not a departure under the Guidelines. Like the district court in Irizarry, the district court "considered the statutory purposes of sentencing and . . . the sentencing guidelines and [found] that the guidelines [did] not provide for an appropriate sentence in [Holliman's] case . . . ." See id. at 1210. ("I've considered all of the evidence presented today, I've considered everything that's in the presentence report, and I've considered the statutory purpose of sentencing and the sentencing guideline range. I find the guideline range is not appropriate in this case."). In addition, the court's request for arguments on "nonguidelines factors[,]" particularly when combined with its analysis, is indicative that it was considering how to reach a reasonable sentence under § 3553(a) and not whether to depart under the Guidelines. Finally, the district court ultimately found that "the sentence I've given is otherwise reasonable, with all of these circumstances." As a result of the district court's analysis, we conclude that, notwithstanding its

4

response that it was imposing an upward departure, the district court's sentence was the result of a variance. Therefore, we do not reach Holliman's argument that the district court's Guidelines departure was impermissible.

Because Holliman did not object to the lack of notice under Rule 32(h), we review his claim for plain error. See United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir.), cert. denied, 545 U.S. 1127 (2005). Under this standard of review, there must be (1) an error, (2) that is plain, and (3) that affects substantial rights. Id. If these three conditions are met, we may notice the error only if "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." Id. (citation and quotation marks omitted).

We review the final sentence imposed by the district court for reasonableness. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). The district court's imposition of a sentence and our reasonableness inquiry are guided by the factors outlined in 18 U.S.C. § 3553(a). United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005); Winingear, 422 F.3d at 1246. The § 3553(a) factors take into account:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of

5

sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.

Talley, 431 F.3d at 786.  While the district court must consider the § 3553(a) factors, it is not required to discuss each factor.  Id. at 786.  "[A]n acknowledgment by the district court that it has considered the defendant's arguments and the factors in section 3553(a) is sufficient under Booker [United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)]."  Id.  "[T]here is a range of reasonable sentences from which the district court may choose" and the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence.  Id. at 788.

As to the issue of notice, if the court exceeds the advisory Guidelines range based on its consideration of the 18 U.S.C. § 3553(a) factors (i.e., a variance), the notice requirements of Rule 32(h) do not apply.  Irizarry, 458 F.3d at 1212. Because the district court's sentence was based on its consideration of the 18 U.S.C. § 3553(a) factors, notice pursuant to Rule 32(h) was not required.  Id. Therefore, the district court's failure to give notice was not plain error.

As to the reasonableness of Holliman's sentence, we initially note that the court's statements regarding its consideration of the Guidelines were sufficient under Booker. See Talley, 431 F.3d at 786.  The district court asked Holliman for

6

arguments as to "nonguidelines factors" and, in imposing its sentence, stated that it considered "the statutory purposes of sentencing and . . . the sentencing guidelines" and then discussed specific facts that resulted in an above-Guidelines sentence. As to Holliman's argument that the district court's reliance on certain factors was unreasonable, we review the reasonableness of the ultimate sentence imposed and not individual decisions made during the sentencing process. Winingear, 422 F.3d at 1245. Moreover, the "district court may determine, on a case-by-case basis, the weight to give the Guidelines, so long as that determination is made with reference to the remaining section 3553(a) factors . . . ." United States v. Hunt, 459 F.3d 1180, 1185 (11th Cir. 2006). Here, the district court's decision to go above the Guidelines was case-specific and was based on consideration of the "statutory purposes of sentencing" and, in particular, additional losses, the circumstances of the offense, and Holliman's criminal history. See id. at 1185-86.

We hold that Holliman has not met his burden of establishing that his 40-month sentence is unreasonable. Holliman's sentence is ten months above the high end of his advisory Guideline range and one third of the 120-month statutory maximum term of imprisonment. 18 U.S.C. § 513(a). Holliman has an extensive criminal history, including multiple worthless check convictions. Holliman's check-cashing scheme was more extensive than what is reflected by his activities

7

in Mobile and the computer seized during his November 2005 arrest. He participated in a check-cashing trip to Pensacola in the summer of 2005 and was arrested in September 2005 with a laptop computer and counterfeit checks. In this case, the amount of loss for the Guidelines calculation was based on the checks in the computer seized during Holliman's arrest, which did not take into account these earlier activities. Moreover, even though the adult teenagers involved in Holliman's scheme appeared to participate willingly, by using them to cash the checks rather than doing it himself, Holliman was placing them at a greater risk of apprehension than himself. Accordingly, based on the extensiveness of the check-cashing scheme, Holliman's role in the offense compared to the role he assigned to younger accomplices, and Holliman's criminal history, his 40-month sentence is reasonable.

In light of the foregoing, Holliman's sentence is

**AFFIRMED.**