[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAR 19, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14919
Non-Argument Calendar

_____

D. C. Docket No. 05-00023-CR-DHB-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIELLE METCALF SHANEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(March 19, 2007)**

Before BIRCH, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Danielle Metcalf Shanez appeals her sentence of twelve months of

imprisonment for interstate travel to facilitate a gambling enterprise. See 18

U.S.C. § 1952(a)(3). Shanez argues that the district court erroneously departed upward from the applicable Sentencing Guidelines range and failed to give reasonable notice that a departure was possible. Shanez did not object at sentencing on either ground. We affirm.

"When a defendant fails to object to an error before the district court, we review the argument for plain error." United States v. Raad, 406 F.3d 1322, 1323 (11th Cir.), cert. denied, __ U.S. __, 126 S. Ct. 196 (2005). Plain error occurs where "(1) there is an error; (2) that is plain or obvious; (3) affecting the defendant's substantial rights in that it was prejudicial and not harmless; and (4) that seriously affects the fairness, integrity, or public reputation of the judicial proceedings." Id. (internal quotation marks omitted).

Shanez first argues that the district court erroneously departed from the applicable Guidelines range. We disagree. Contrary to Shanez's characterization, the deviation by the district court was a variance and not a departure. The district court adopted from the Presentence Investigation Report the calculation of an advisory Guidelines range of zero to six months of imprisonment. The court then considered the section 3553(a) factors, decided to vary from the Guidelines, and imposed a sentence of twelve months of imprisonment. That the district court sometimes described its deviation as a "departure" is not dispositive and merely

2

reflects an imprecise use of language by the district court.

To the extent Shanez's argument can be construed to contend that the district court erroneously varied from the applicable Guidelines range, the argument still fails. After United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), a district court may impose a sentence that varies from the applicable Guidelines range so long as it considers the factors of section 3553(a) and imposes a sentence that is reasonable. See United States v. Talley, 431 F.3d 784, 786, 788 (11th Cir. 2005). Here, the district court thoughtfully explained how Shanez's sentence was based on the factors of section 3553(a), and nothing in the record suggests that the sentence is unreasonable. There was no plain error.

Shanez's second argument is that the district court failed to give her reasonable notice under Federal Rule of Criminal Procedure 32(h). This argument is foreclosed by our precedent. Because the sentence imposed by the district court was a variance and not a departure, Rule 32(h) did not apply, and the district court did not err. See United States v. Irizarry, 458 F.3d 1208, 1212 (11th Cir. 2006) ("We . . . conclud[e] Rule 32(h) does not apply to . . . variances.").

Shanez's sentence is

**AFFIRMED.**