[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 28, 2007
THOMAS K. KAHN
CLERK

No. 07-10454
Non-Argument Calendar
_____

D. C. Docket No. 06-00003-CR-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ORLEJANDRO MARQUIS SMALLS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(June 28, 2007)**

Before BIRCH, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Orlejandro Marquis Smalls appeals his 40-month sentence, imposed after he

pled guilty, pursuant to a written plea agreement, to possession of firearms and

ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On

appeal, Smalls argues the imposition of his sentence constituted an improper upward departure from the applicable Sentencing Guidelines range of 15 to 21 months' imprisonment. He also challenges the reasonableness of his sentence. After careful review, we affirm.

The relevant facts are these. On March 10, 2006, Smalls was indicted on one count of being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1). Pursuant to a written plea agreement, he pled guilty as charged. According to the factual proffer in the plea agreement, Smalls was found in possession of two firearms and six rounds of ammunition. Smalls had a prior felony conviction for sale of marijuana in 1995, and a prior felony conviction for possession of a firearm by a convicted felon in 1999. The plea agreement contained the following appeal-waiver provision:

> Understanding that 18 U.S.C. § 3742 provides for an appeal by a defendant of the sentence under certain circumstances, the defendant as part of this agreement and in consideration for the government's promises hereunder, expressly waives any and all rights conferred by that statute to appeal any sentence imposed that is within the statutory maximums set out above.
>
> . . . .
>
> Notwithstanding these waivers, the defendant reserves the right to file a direct appeal . . . of the sentence imposed . . ., in the event the sentencing Court upwardly departs from the guideline range it finds as a matter of law applicable to the defendant and the offense, whether

2

that upward departure is made pursuant to U.S.S.G. § 4A1.3 (from criminal history) or U.S.S.G. § 5K2.0 (offense level) . . . .

After the district court accepted his guilty plea, Smalls proceeded to sentencing.

According to the presentence investigation report ("PSI"), Smalls was a passenger in a vehicle that approached a checkpoint conducted by Georgia State Patrol Troopers. The checkpoint officers detected the odor of marijuana and asked Smalls to step out of the car. After getting out of the vehicle, Smalls attempted to flee the scene on foot. One of the officers shot Smalls in the back with a taser weapon. After being shot with the taser, Smalls got up and attempted to flee again but was apprehended after a short chase and struggle. Smalls was found in possession of two semiautomatic pistols and fifteen rounds of ammunition.

The PSI assigned Smalls a base offense level of 14, pursuant to U.S.S.G. § 2K2.1(a)(6), and recommended a 2-level upward adjustment, pursuant to U.S.S.G. § 2K2.1(b)(4), because both of the weapons that Smalls possessed were stolen, and a 3-level reduction, pursuant to U.S.S.G. §§ 3E1.1(a) and (b), for accepting responsibility and assisting authorities. Smalls had three criminal history points based on a 1999 felony conviction and 30-month sentence for possession of a firearm by a convicted felon. Although no points were assigned, the PSI also noted that Smalls had been convicted in 1995 for sale of marijuana, to which he pled guilty and received 4 years' probation. Based upon a total offense level of 13

and a criminal history category II, Smalls faced an advisory Guidelines range of 15 to 21 months' imprisonment. The probation officer noted that, pursuant to U.S.S.G. § 4A1.3, an upward departure might be warranted if the court determined that Smalls's criminal history category significantly under-represented the seriousness of his criminal history.

In a supplement to the PSI, the probation officer recommended that a variance from the Guidelines range, to a sentence of 42 months, was warranted in this case because: (1) Smalls's 1999 felony conviction and 30-month sentence for possession of a firearm by a convicted felon did not deter him from committing the instant offense; (2) Smalls's 1995 conviction narrowly fell outside of the 10-year window; (3) if the 1995 conviction was counted, Smalls would have had a criminal history category of III and an offense level of 19, resulting in a guideline range of 37 to 46 months. The probation officer stated, "a sentence of forty-two months promotes respect for the law, pursuant to 18 U.S.C. § 3553(a)(2)(A), and affords adequate deterrence to criminal conduct, pursuant to 18 U.S.C. § 3553(a)(2)(B)." Neither the government nor Smalls objected to the PSI or the supplement.

At the sentencing hearing, Smalls did not object to the factual accuracy of the report or the PSI's calculation of the advisory Guidelines range. The district court adopted the factual statements in the PSI and determined that the Guidelines

4

range was accurately calculated. The district court then stated, "the probation officer has recommended a sentence outside of the advisory guidelines, significantly so. That results from the defendant's previous conduct and previous sentences." The government responded that it would defer to the court, although the recommendation "seem[ed] consistent with the facts of this case." Smalls asked the court to sentence him within the Guidelines range because a sentence within the range of 15 to 21 months "would do exactly what the probation officer suggests the 42 months would otherwise do." The court stated that it always gives "great consideration" to the recommendation of the probation officer and asked Smalls to "tell [it] why that recommendation should not be followed." Smalls responded that he had taken responsibility for the charges and was attempting to correct his life. He also highlighted that he was employed and provided support to four children.

Prior to imposing sentence, the district court stated that it had listened to Smalls and his counsel and studied Smalls's record "in great measure and detail." The district court found that the PSI was conclusive and that it adequately covered the 18 U.S.C. § 3553(a) factors. The court then imposed a 40-month term of imprisonment, noting that Smalls's previous 30-month sentence for similar conduct "did not have much of a deterrent effect." In addition, the district court

explicitly stated that Smalls has "had a history of distributing drugs and possessing firearms . . . [and] presents a grave risk to the community." Also important to the court was the fact that Smalls attempted to escape and had to be apprehended with the use of a taser. The court stated, "the sentence should speak to the defendant's conduct. Hopefully it does."

Prior to adjourning the hearing, the district court told Small that he had "a right to appeal if he should desire, because I sentenced him beyond the advisory guidelines," and "I certainly want him to have his right to appeal." The court then asked Smalls, "I'm quite sure that you object to the Court's departing upward from the advisory guidelines. Is that correct . . . ?" Smalls indicated that he did, and the court preserved his objection. At no point during the court's exchange with Smalls did the government lodge an objection to the district court's implicit interpretation of the appeal-waiver provision in Smalls's plea agreement as allowing the instant appeal.[1] This appeal followed.

---

[1] According to the government, Smalls waived his right to bring this appeal because he was sentenced within the statutory maximum, and because none of the exceptions in the plea agreement apply. The government urges that the district court's statements at the sentencing hearing, which attempted to effect a modification of the appeal-waiver provision, do not impact the enforceability of the provision. In light of the "upward departure" language used at the sentencing hearing, to which the government did not object, we cannot find that Smalls knowingly and voluntarily waived his right to appeal the imposition of sentence above the Guidelines range. In any event, application of the waiver is not outcome-determinative.

Smalls argues that his sentence is an illegal and unreasonable upward departure. When reviewing a sentence imposed by the district court, we first ensure that the district court correctly calculated the Sentencing Guidelines range. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005). "It is only after a district court correctly calculates the Guidelines range, which it still must do after Booker, that it may consider imposing a more severe or more lenient sentence." United States v. McVay, 447 F.3d 1348, 1353 (11th Cir. 2006).

In reviewing the ultimate sentence imposed for reasonableness, we consider only the final sentence, rather than each individual decision made during the sentencing process. Winingear, 422 F.3d at 1245. Reasonableness review is "deferential" and "the party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). Included among the § 3553(a) factors are (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for deterrence; (5) the need to protect the public; (6) the Sentencing Guidelines range; and (7) the need to avoid unwanted sentencing disparities. 18 U.S.C. § 3553(a).

7

The government urges that the district court applied a variance, rather than an upward departure, because the court rested its determination on the 18 U.S.C. § 3553(a) factors and not a section of the Guidelines. In determining whether a decision to sentence a defendant above the Guidelines range is a variance or a departure, we have considered two factors: (1) whether the sentencing court cited to a specific departure provision in the guidelines, and (2) whether the district court noted the inadequacy of the guidelines range. See United States v. Eldick, 443 F.3d 783, 788 & n. 2 (11th Cir.), cert. denied, 127 S. Ct. 251 (2006).

After Eldick, we have expanded on the distinction between an upward departure and a variance. See United States v. Irizarry, 458 F.3d 1208 (11th Cir. 2006), pet. for cert. filed, (U.S. Oct. 26, 2006) (No. 06-7517). In Irizarry, the district court imposed a statutory maximum sentence of 60 months' imprisonment after it had calculated a Guidelines range of 41 to 51 months. Id. at 1210. We determined that the higher-than-Guidelines sentence was a variance, not an upward departure: (1) we noted that the district court considered the adequacy of its correctly-calculated advisory guidelines range "in light of the § 3553(a) factors and the evidence presented at the sentencing hearing," and (2) it was clear that the district court was exercising "its post-Booker discretion to impose a reasonable sentence outside the sentencing guidelines range," because the district court had

8

concluded that a sentence within the range was inadequate to address one of the specific § 3553(a) factors, to protect the public. Id. at 1211-12; see also United States v. Scott, 441 F.3d 1322, 1330 (11th Cir. 2006) (declining to address sentence outside the Guidelines range based on § 3553(a) factors).

Here, just like in Eldick and Irizarry, the district court's decision to impose a higher-than-Guidelines sentence was based on the § 3553(a) factors, as stated by the court during the sentencing hearing and recommended by the supplement to the PSI, which the district court adopted. Moreover, the district court noted, on numerous occasions, the inadequacy of the Guidelines range, in light of Smalls's recidivism and the need for deterrence and protection of the public, a point also stated in the supplement to the PSI. Although the district court referred to the upward increase as a "departure," the court did not reference a Guideline as support for the higher sentence, but rather, repeatedly discussed facts pertaining to the § 3553(a) factors. On this record, we readily conclude that the sentence was a variance, and not an upward departure.

We also conclude that the above-Guidelines sentence was reasonable, within the meaning of Booker. Again, at the sentencing hearing, the district court explicitly stated that it had considered "the factors set forth in 18 U.S.C. § 3553(a)." The court considered the advisory Guidelines ranges, 18 U.S.C. §

9

3553(a), as well as the fact that Smalls's prior § 922 conviction and 30-month sentence "did not have much deterrent effect," 18 U.S.C. § 3553(a)(2)(A), (B). Moreover, the court noted that Smith posed "a grave danger to the community." 18 U.S.C. §3553(a)(2)(C). Finally, the court found important the nature and circumstances of the instant offense, including Smalls's attempt to escape law enforcement. 18 U.S.C. § 3553(a)(1). On this record, the district court sufficiently considered the advisory Guidelines range, which it determined to be inadequate, and the § 3553(a) factors.[2] Accordingly, Smalls has not met his burden to establish that his sentence was unreasonable.

---

[2] We remain unpersuaded by Smalls's argument that the district court imposed a 40-month sentence because it somehow believed that Smalls had engaged in criminal conduct since his arrest for the present offense. At no point during its imposition of sentence did the district court say or intimate that it relied on such a belief in fashioning Smalls's ultimate sentence. Nor are we convinced that the district court imposed the sentence because Smalls's children were borne, as the district court put it, "out of wedlock." Rather, the district court was quite clear in its rationale for the above-Guidelines sentence, which the district court summarized at the end of the sentencing hearing as follows:

> This Court sentenced this defendant to 30 months custody for the same conduct in 1999. Obviously that did not have much of a deterrent effect on Mr. Smalls, who is a convicted felon. That offense involved possessing firearms illegally. He has, as I have noted, had a history of distributing drugs and possessing firearms. He presents a grave risk to the community.
>
> As the [PSI] notes, he tried to escape. And even when a taser was used on him, it did not bring [him] into compliance with the law enforcement officials. It had to be used a second time. So the sentence should speak to the defendant's conduct. Hopefully it does.

**AFFIRMED.**