[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-15161
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 4, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00247-CR-T-26TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SAMUEL DARRYL MATTHEWS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 4, 2008)**

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Samuel Matthews appeals his sentence of imprisonment for life for attempting to produce a visual depiction of a minor engaged in sexually explicit conduct. 18 U.S.C. §§ 2251(a), (e), 2. Matthews argues that his sentence is unconstitutional and unreasonable. We affirm.

## I. BACKGROUND

The United States Probation Office notified Agent Margaret Grow of the Federal Bureau of Investigation that Matthews, a registered sex offender who was on federal supervised release, had solicited individuals to take lewd photographs of naked children. A confidential informant disclosed to Agent Grow that Matthews had asked for help to find a young female child to photograph. In a monitored conversation, the informant told Matthews that he had discovered a mother willing to allow Matthews to photograph her eleven year old daughter, and Matthews responded that he wanted to take sexually explicit photographs of the child.

Matthews contacted an individual that he believed to be the child's mother and asked that she send him clothed pictures of the child. Matthews later admitted to the mother that he planned to take sexually explicit photographs of the child. Matthews was arrested when he attempted to meet the mother and child at an agreed location. The police searched Matthews's car and discovered five cameras,

two of which were manufactured outside the United States, a book that described how to photograph children, and undergarments for a female child.

Matthews was convicted of attempting to produce a visual depiction of a minor engaged in sexually explicit conduct. 18 U.S.C. §§ 2251(a), (e), 2. The presentence investigation report included Matthews's history of crimes against children. In 1984, Matthews pleaded guilty in a Florida court to two counts of attempted sexual battery and two counts of lewd and lascivious acts in the presence of a child under the age of 14, which involved the molestation and fondling of 4 and 6 year old male and female children in hotel rooms. In 2000, Matthews pleaded guilty in a federal court to possession of child pornography obtained through interstate commerce and received a sentence of imprisonment for 37 months and supervised release of 36 months. While on supervised release, Matthews used a computer in a library on two occasions to view photographs of children in the nude and in sexually explicit positions and the court revoked his release.

The presentence investigation report listed Matthews's base offense level at 32, U.S.S.G. § 2G2.1, increased it by 4 levels because the offense involved a minor under the age of 12, U.S.S.G. § 2G2.1(b)(1)(B), and increased it one more level because Matthews had committed the offense after conviction for a prior sex

offense. U.S.S.G. § 4B1.5(a)(1). Although the advisory sentencing range was ordinarily between 324 and 405 months, the report stated that Matthews could be sentenced to 420 months of imprisonment because he had two or more prior convictions that involved the sexual exploitation of children. 18 U.S.C. § 2251(e). Matthews did not object to the report.

The district court sentenced Matthews to imprisonment for life after considering the advisory guideline range, the statutory mandatory minimum sentence, and the statutory sentencing factors, 18 U.S.C. § 3553(a). The district court found that the sentence was necessary because of Matthews's "history and characteristics relating to child molestation and child exploitation" and to protect the public, particularly "the vulnerable public, our children." Matthews objected and argued that once he completed the statutory minimum sentence of 35 years, he would be too old to pose any danger to the public.

## II. STANDARDS OF REVIEW

We review de novo constitutional challenges to a sentence. United States v. Chau, 426 F.3d 1318, 1321 (11th Cir. 2005). Arguments not raised in the district court are reviewed for plain error. United States v. Ronda, 455 F.3d 1273, 1303 n.43 (11th Cir. 2006). We review the procedural and substantive reasonableness of a criminal sentence for an abuse of discretion. Gall v. United States, 128 S. Ct.

4

586, 594, 596–97 (2007). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

## III. DISCUSSION

Matthews raises four challenges to his sentence. All fail. We address each argument in turn.

### A. The District Court Did Not Plainly Err By Finding Facts Used To Enhance Matthews's Sentence.

Matthews presents two arguments about the constitutionality of his sentence. First, Matthews argues that the district court violated his rights under the Sixth Amendment when it enhanced his sentence based on facts not alleged in the indictment or proved to the jury regarding the age of the victim and his prior convictions for sex offenses. Second, Matthews argues that the district court violated his rights under the Fifth and Sixth Amendments when it applied a mandatory minimum sentence of 35 years based on his prior convictions. Both arguments are foreclosed by controlling precedents.

The district court did not plainly err by enhancing Matthews's sentence based on its findings that Matthews had prior convictions and his most recent

victim was less than 12 years old.  See U.S.S.G. §§ 2G2.1(b)(1)(B), 4B1.5(a)(1).

These facts were contained in the presentence investigation report.  Because

Matthews did not object to them, the facts were admitted as true, and the district

court could rely on them as supported by a preponderance of the evidence.  See

United States v. Sheldon, 400 F.3d 1325, 1329–30 (11th Cir. 2005).  The district

court viewed the guidelines as advisory and could use the extra-verdict findings to

enhance Matthews's sentence.  See United States v. Douglas, 489 F.3d 1117, 1129

(11th Cir. 2007), cert. denied, 128 S. Ct. 1875 (2008); United States v. Duncan,

400 F.3d 1297, 1302–03 (11th Cir. 2005).

The district court also did not err by applying the mandatory minimum

sentence.  The Code mandates that "[a]ny individual who . . . attempts . . . to

violate . . . this section . . . [and] has 2 or more prior convictions under this chapter

. . . or under the laws of any [s]tate relating to the sexual exploitation of children . .

. shall be fined under this title and imprisoned not less than 35 years nor more than

life."  18 U.S.C. § 2251(e).  The facts underlying Matthews's prior convictions for

sexual offenses did not have to be charged in the indictment or proved to the jury.

See Harris v. United States, 536 U.S. 545, 568, 122 S. Ct. 2406, 2420 (2002).

*B. Matthews's Sentence Is Reasonable.*

Matthews argues that his sentence of imprisonment for life was substantively unreasonable because it was longer than necessary to fulfill the purposes of sentencing. A sentence free of "significant procedural error" is subject to deferential review for an abuse of discretion. Gall, 128 S. Ct. at 597. Although the Sentencing Guidelines serve as a "starting point and the initial benchmark," the district court has the authority, based on its "individualized assessment" of the facts, to weigh the factors listed in section 3553(a) and fashion a sentence outside the guidelines. Id. at 596–97. As long as the district court provides "justification . . . sufficiently compelling to support the degree of the variance" from the guidelines range, id. at 597, and the term imposed adequately achieves sentencing objectives, see United States v. Pugh, 515 F.3d 1179 (11th Cir. 2008), Gall requires that we affirm.

The district court did not abuse its discretion by imposing a sentence of imprisonment for life. The district court considered the § 3553(a) factors, including the statutory purposes of sentencing and Matthews's history as an habitual sexual predator, and reasonably determined that a sentence of imprisonment for life was sufficient but not greater than necessary. Matthews's sentence is reasonable.

7

*C. The District Court Did Not Have to Provide Notice to Sentence Matthews Outside the Guidelines.*

Matthews contends that the district court was required to provide him with notice that it might vary above the advisory guideline range. This argument fails because we have ruled that the notice requirement of Federal Rule of Criminal Procedure 32(h) does not apply to a variance from the guidelines. United States v Irizarry, 458 F.3d 1208, 1212 (11th Cir. 2006), cert. granted, 128 S. Ct. 828, 169 L.Ed.2d 625 (2008). Although Irizarry is pending review in the Supreme Court, it is still controlling precedent. See United States v. Machado, 804 F.2d 1537, 1543 (11th Cir. 1986). The district court did not clearly err by failing to give Matthews notice.

## IV. CONCLUSION

Matthews's sentence is **AFFIRMED.**