[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13796
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 23, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-10002-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GIAMNY SANTOS CHAVEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 23, 2009)

Before BLACK, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Giamny Santos Chavez appeals the 18-month sentence imposed after he pled guilty to knowingly failing to obey the order of a federal law enforcement officer to heave to the vessel of which he was the master or operator, in violation of 18 U.S.C. § 2237(a)(1). Santos Chavez argues that the sentence, an upward variance from the zero-to-six-month guideline imprisonment range, was unreasonable for being greater than necessary. For the reasons set forth below, we affirm

**I.**

In a presentence investigation report ("PSI"), a probation officer explained that, on December 26, 2007, Santos Chavez was operating a vessel, traveling away from Cuba and toward the United States at approximately 1:30 a.m., without illuminated navigation lights. A Coast Guard boat closed within 40 feet of the vessel and, activating its law enforcement and emergency lights, gave commands in English and Spanish for Santos Chavez to stop the vessel. Santos Chavez looked toward the Coast Guard boat, but increased his speed. In attempts to evade the Coast Guard boat, Santos Chavez both "swerved drastically in the direction of" the Coast Guard boat, forcing it to swerve to avoid being hit, and swerved in front of the bow of a large tanker operating in the area. After an approximately hour-long chase, the vessel's engines failed and Coast Guard officers were able to board the vessel. Santos Chavez was the only passenger. He indicated that he did not

2

know the name of the owner of the vessel. He indicated that he had been fishing. The Coast Guard officers noted that, while two fishing poles were onboard, they were not rigged for fishing and there was no bait, tackle box, or ice onboard. He indicated that he had not stopped because he was not able to turn off the engines. Santos Chavez was arrested.

At a sentencing hearing, Santos Chavez's counsel asked for a sentence of time served, or three months, asserting that Santos Chavez had no criminal history and had been productive since arriving in the United States, having worked as a general laborer, fisherman, and handyman. Santos Chavez apologized to the district court and the Coast Guard and asked that the district court take into account his repentance.

The district court noted that Santos Chavez's total offense level was eight, criminal history category was I, and guideline imprisonment range was zero to six months. The district court cited the 18 U.S.C. § 3553(a) factor dealing with the nature and characteristics of Santos Chavez and noted that he only had been in the United States for less than a year when he committed the crime.[1] The district court also cited the § 3553(a) factor dealing with the nature and circumstances of the offense and reviewed the facts contained in the PSI, including: the erratic and

---

[1] Specifically, the district court acknowledged that Santos Chavez immigrated to the United States on July 24, 2007.

3

dangerous manner in which Santos Chavez was operating the boat in order to avoid capture, which caused the Coast Guard boat to swerve to avoid being hit; that Santos Chavez swerved in front of a tanker to avoid capture; that the chase lasted one hour; that Santos Chavez slowed down only because of engine failure; that he lied by stating that he was only fishing; that he denied going into Cuban waters even though he was seen in those waters; and that he denied being told in Spanish to stop his boat. The district court then stated that it also had considered the PSI, the statements of the parties, and the remaining statutory factors, including the need for the sentence to reflect the seriousness of the crime, promote respect for the law, provide just punishment, promote adequate deterrence, and protect the public from further crimes by Santos Chavez. The district court sentenced Santos Chavez to 18 months imprisonment. Santos Chavez objects to the upward variance.

## II.

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the sentencing court first must correctly calculate the guideline imprisonment range and then must treat that range as advisory and impose a reasonable sentence. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). In doing so, the sentencing court may exercise its

4

discretion and grant a variance in order to impose a reasonable sentence outside the sentencing guidelines range. See United States v. Irizarry, 458 F.3d 1208, 1212 (11th Cir. 2006). Specifically, the district court must impose a sentence that is both procedurally and substantively reasonable. United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006); Gall v. United States, 552 U.S. __, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). The reasonableness of a sentence is reviewed under an abuse-of-discretion standard. Gall, 552 U.S. at __, 128 S.Ct. at 597. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable." United States v. Talley, 431 F.3d 784,788 (11th Cir. 2005).

Per the Supreme Court, a sentence may be procedurally unreasonable if the district court "fail[s] to calculate (or improperly calculat[es]) the Guidelines range, treat[s] the Guidelines as mandatory, fail[s] to consider the § 3553(a) factors, select[s] a sentence based on clearly erroneous facts, or fail[s] to adequately explain the chosen sentence - including an explanation for any deviation from the Guidelines range." Gall, 552 U.S. at __, 128 S.Ct. at 597. Also per the Supreme Court, review for substantive reasonableness involves inquiring whether the statutory factors in § 3553(a) support the sentence in question. Gall, 552 U.S. at __, 128 S.Ct. at 598-99. Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes

of sentencing listed in § 3553(a)(2), namely reflecting the seriousness of the offense, promoting respect for the law, providing just punishment for the offense, deterring criminal conduct, protecting the public from future criminal conduct by the defendant, and providing the defendant with needed educational or vocational training or medical care. See 18 U.S.C. § 3553(a)(2). The statute also instructs the sentencing court to consider certain factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct See 18 U.S.C. § 3553(a)(1), (6).

## III.

The district court imposed a reasonable sentence. See Talley, 431 F.3d at 786. First, Santos Chavez has not argued, and the record otherwise does not demonstrate, that the district court imposed a procedurally unreasonable sentence. See Hunt, 459 F.3d at 1182 n.3. Also, the record demonstrates that the § 3553(a) factors supported the sentence imposed, such that he district court imposed a substantively reasonable sentence. See Hunt, 459 F.3d at 1182 n.3; Gall, 552 U.S. at __, 128 S.Ct. at 598-99. Specifically, it does not appear that the upward variance was greater than necessary, given the seriousness of Santos Chavez's offense, during which he operated his boat erratically and dangerously, even

6

forcing the Coast Guard boat to swerve to avoid a collision, and given Santos Chavez's display of a lack of respect for the law, namely by fleeing for an hour and only stopping because the engines on the vessel he operated failed and lying to law enforcement about the circumstances of the offense. See 18 U.S.C. § 3553(a)(2). Accordingly, we affirm.

**AFFIRMED.**