[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 1, 2006
THOMAS K. KAHN
CLERK

No. 05-11718

_____

_____

D. C. Docket No. 03-00236-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD IRIZARRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(August 1, 2006)**

Before EDMONDSON, Chief Judge, KRAVITCH, Circuit Judge, and
MIDDLEBROOKS,[*] District Judge.

_____

[*]Honorable Donald M. Middlebrooks, United States District Judge for the Southern District of
Florida, sitting by designation.

PER CURIAM:

Defendant Richard Irizarry plead guilty to making a threatening interstate communication to his ex-wife in violation of 18 U.S.C. section 875(c). The district court issued a sentence six months longer than the advisory guidelines range because of the likelihood Defendant would continue to threaten his wife. Defendant appeals this sentence, arguing that the district court violated Rule 32(h) of the Federal Rules of Criminal Procedure by not giving advance notice that it was considering a ground for departure not identified in the presentence report or a prehearing government submission. The district court concluded that Rule 32(h) was not applicable under the circumstances. We affirm.

## I. Background

In 2003, Defendant was indicted with one count of making a threatening interstate communication in violation of 18 U.S.C. section 875(c). In 2004, a superseding indictment charged Defendant with fifteen counts of this offense. Without benefit of a plea agreement, Defendant filed a factual resume that admitted these things: (1) Defendant sent the e-mail charged in Count Thirteen of the superseding indictment to his ex-wife, Leah Smith, threatening to kill her and

2

her new husband; (2) Defendant had "sent dozens of other similar e-mails" since his divorce from Ms. Smith in 2001 in violation of a restraining order; (3) the e-mails were "intended by [Defendant] to convey true threats to kill or injure multiple persons;" and (4) Defendant "at all times relevant during the commission of this crime . . . acted knowingly and willfully." On motion of the United States, the district court dismissed the remaining counts.

At the sentencing hearing, Ms. Smith testified that she married Defendant in 1995, that they had two children, and that Defendant physically and mentally abused Ms. Smith and her son during the marriage. In 2000, Ms. Smith moved from California to South Carolina, where she obtained a divorce and a restraining order in 2001. Defendant drove cross-country and tracked down Ms. Smith's apartment; his van contained a hammer, rope, tarps, and duct tape. Defendant was arrested and jailed for 30 days for violating the restraining order. Ms. Smith moved to Mobile, Alabama.

Between the divorce in 2001 and Defendant's arrest in December 2003, Defendant sent Ms. Smith 255 e-mails, many of which threatened to kill Ms. Smith, her husband, and her mother. Ms. Smith became especially concerned about the safety of her mother, who lived in the same city as Defendant. Ms. Smith contacted the FBI and began forwarding Defendant's e-mails to FBI agents.

3

In 2003, Defendant called Ms. Smith at her new home and sent Ms. Smith's husband a Christmas card with a Mobile postmark. When Defendant was taken into custody in December 2003, his automobile contained a list of private investigators in Mobile; a print-out from an internet search service showing that a profile of Ms. Smith was available; maps of the Mobile area with notes about the location of Ms. Smith, her children's schools, and her husband's workplace; and cost estimates for travel to Mobile. During an interview with FBI agents following his arrest, Defendant threatened to shoot, car bomb, or decapitate Ms. Smith and her family and to "leave a trail of blood from here to Alabama" to protect his kids. Defendant's cellmate testified that Defendant told him that Ms. Smith's husband was abusing Defendant's children and that Defendant intended to kill or hire someone to kill Ms. Smith's husband. Defendant testified at the sentencing hearing, denying that he intended to carry out his threats against Ms. Smith and her family.

The presentence investigation report recommended two, two-level sentence enhancements because Defendant's offense violated a court protection order and involved more than two threats and, also, one six-level enhancement because the offense involved "conduct evidencing an intent to carry out such threat." See U.S.S.G. § 2A6.1(b)(1)-(3). Defendant objected to the six-level enhancement,

4

arguing that it was error for the district court to base a sentence enhancement on facts found using a preponderance of the evidence standard. The district court overruled the objection and applied all three sentence enhancements, leading to an advisory guidelines range of 41 to 51 months. The district court then sentenced Defendant to the statutory maximum of 60 months' imprisonment, three years' supervised release, and a $100 special assessment. The court gave the following reasons for its sentence:

> I've considered all of the evidence presented today, I've considered everything that's in the presentence report, and I've considered the statutory purpose of sentencing and the sentencing guideline range. I find the guideline range is not appropriate in this case. I find Mr. Irizarry's conduct most disturbing. I am sincerely convinced that he will continue, as his ex-wife testified, in this conduct regardless of what this Court does and regardless of what kind of supervision he's under. And based upon that, I find that the maximum time that he can be incapacitated is what is best for society, and therefore the guideline range, I think, is not high enough.
>
> The guideline range goes up to 51 months, which is only nine months shorter than the statutory maximum. But I think in Mr. Irizarry's case the statutory maximum is what's appropriate, and that's what I'm going to sentence him.

(R.69 at 69-70.) (emphasis added).

Defendant objected that the court had not given advance notice of its intent to depart upward from the sentencing guidelines as required by Rule 32(h). The

5

district court overruled this objection, saying it believed Rule 32(h) was no longer applicable because Defendant "had notice that the guidelines were only advisory and the Court could sentence anywhere within the statutory range as defined by the United States Code statute." The sentencing court did not say that it was engaged in an upward departure under the guidelines. Defendant now appeals his sentence, arguing that the district court violated Rule 32(h) and Burns v. United States, 111 S.Ct. 2182, 2187 (1991), by failing to give advance notice of the grounds on which the court was considering an upward departure.[1]

## II. Discussion

Federal Rule of Criminal Procedure 32(h) provides:

Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure.

---

[1]Defendant also argues on appeal that the district court erred by applying a sentence enhancement based on facts that were neither admitted by Defendant nor found beyond a reasonable doubt. This claim is without merit. See United States v. Chau, 426 F.3d 1318, 1323-24 (11th Cir. 2005) (if district court applies guidelines as advisory, Booker does not prohibit court from making additional factual findings, under preponderance-of-the-evidence standard, that go beyond defendant's admissions).

Rule 32(h) codified the Supreme Court's statement in <u>Burns</u> that "before a district court can depart upward on a ground not identified as a ground for upward departure either in the presentence report or in a prehearing submission by the Government, Rule 32 requires that the district court give the parties reasonable notice that it is contemplating such a ruling." 111 S.Ct. at 2187. The Court in <u>Burns</u> concluded that advance notice was required to ensure "full adversary testing of the issues relevant to a Guidelines sentence" and to fulfill Rule 32's requirement that the parties have "an opportunity to comment upon . . . matters relating to the appropriate sentence." <u>Id</u>. at 2186.

We conclude that the above-guidelines sentence imposed by the district court in this case was a variance, not a guidelines departure. The district court correctly calculated the advisory guidelines range. The court then considered the adequacy of this range in the light of the sentencing factors listed in 18 U.S.C. section 3553(a) and the evidence presented at the sentencing hearing.[2] After

---

[2]In determining the sentence to be imposed, section 3553(a) requires the district court to consider the following factors:
(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) <u>the need "to protect the public from further crimes of the defendant</u>;" (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the sentencing guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a) (emphasis added).

concluding that the guidelines range did not adequately address the future risk

Defendant posed to the public, see 18 U.S.C. section 3553(a)(2)(C), the court

exercised its post-Booker discretion to impose a reasonable sentence outside the

sentencing guidelines range. See United States v. Booker, 125 S.Ct. 738, 757

(2005).

We have not previously determined whether the notice requirement of Rule

32(h) applies to a sentence set outside the advisory guidelines range based not on

the guidelines' departure provisions, but on a district court's consideration of the

section 3553(a) factors.[3] We now join the Third, Seventh, and Eighth Circuits in

concluding Rule 32(h) does not apply to such variances. See United States v.

Vampire Nation, 2006 WL 1679385 at *5 (3d Cir. June 20, 2006); United States v.

Walker, 447 F.3d 999, 1007 (7th Cir. 2006); United States v. Long Soldier, 431

F.3d 1120, 1122 (8th Cir. 2005).[4] After Booker, parties are inherently on notice

---

[3]In United States v. Simmerer, 156 Fed.Appx. 124, 128 (11th Cir. 2005), we concluded it was not plain error for a district court to give no advance notice that it was considering a sentence above the guidelines range because there was "no precedent from this court or from the Supreme Court establishing that [Rule] 32 applies to a post-Booker upward variance." Accord United States v. Reddick, 2006 WL 1683461 at *5 (11th Cir. June 20, 2006).

[4]We accept that at least two other circuits have reached the contrary conclusion. See United States v. Davenport, 445 F.3d 366 (4th Cir. 2006); United States v. Evans-Martinez, 448 F.3d 1163 (9th Cir. 2006). Cf. United States v. Calzada-Maravillas, 443 F.3d 1301, 1305 (10th Cir. 2006) (deciding that Rule 32(h) continues to apply to guidelines departures post-Booker, but not deciding whether notice is required before a sentence variance).

that the sentencing guidelines range is advisory and that the district court must consider the factors expressly set out in section 3553(a) when selecting a reasonable sentence between the statutory minimum and maximum. See United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Given Booker, parties cannot claim unfair surprise or inability to present informed comment -- the Supreme Court's concerns in Burns -- when a district court imposes a sentence above the guidelines range based on the section 3553(a) sentencing factors.

We conclude that the district court was not required to give Defendant advance notice before imposing a sentence above the advisory guidelines range based on the court's determination that sentences within the advisory guidelines range did not adequately address section 3553(a) sentencing factors, particularly the need to protect the public, including Defendant's ex-wife, from further crimes of the Defendant.

The sentence imposed by the district court is AFFIRMED.