[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

------------------------------------------

No. 05-16162
Non-Argument Calendar

------------------------------------------

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 7, 2006
THOMAS K. KAHN
CLERK

D.C. Docket  No. 05-00027-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                         versus

EDWARD J. O'ROURKE,
a. k. a. John P. O'Rourke,

                                        Defendant-Appellant.

------------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Florida

------------------------------------------------------------------

**(September 7, 2006)**

Before EDMONDSON, Chief Judge, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

Edward O'Rourke ("O'Rourke") appeals a 60-month sentence and

$91,642.94 restitution order imposed after his conviction for embezzlement of

Social Security disability benefits in violation of 18 U.S.C. § 641. No reversible error has been shown; we affirm.

Between 1987 and 2002, O'Roarke collected Social Security disability benefits based initially on a work-related injury, and later on his alcoholism. In 1996, while receiving these benefits, O'Roarke assumed the identity of his deceased brother by using the brother's Social Security number to obtain employment and a driver's license. At one point, O'Roarke used his brother's identity when faced with state criminal prosecution. O'Roarke continued to collect benefits while working under his brother's name and without reporting his employment to the Social Security Administration ("SSA"). The SSA later discovered that O'Roarke had collected $91,642.94 in wrongful Social Security payments.

In May 2005, O'Rourke pled guilty to one count of embezzling Social Security disability benefits while two other counts were dismissed on the government's motion. At the change of plea colloquy, the district court notified O'Rourke that "the penalty for Count 1 is a term of imprisonment of up to ten years without parole, a fine of $250,000, a period of supervised release of up to three years, and a special assessment of $100." The Presentence Investigation

Report ("PIR") recommended a total offense level of 13,[1] with a corresponding guideline range of 33-41 months' imprisonment. The PIR also indicated that restitution of $91,642.94 would be mandatory.

At sentencing, O'Rourke did not object to the PIR but asked for a downward departure, which the district court rejected based on O'Rourke's extensive criminal history. Instead, the district court sentenced O'Rourke to sixty months' imprisonment and ordered him to pay $91,642.94 in restitution. "After considering the statutory purposes of sentencing, and the factors set forth in [18 U.S.C. § 3553(a)]," the district court based this variance outside the advisory guidelines on O'Rourke's "sizeable criminal history" outlined at the sentencing hearing and his lack of appreciation for the wrongfulness of his conduct.

On appeal, O'Rourke argues (1) his guilty plea was not knowing and voluntary because of the district court's failure to inform him of a possible restitution order before to the change of plea hearing; (2) the restitution order was improper because it included losses from outside of the statute of limitations; and (3) the district court erred by upwardly departing from the advisory sentencing

---

[1]This offense level was calculated from a base offense level of six, U.S.S.G. § 2B1.1(a)(2); an eight-level enhancement for a loss in excess of $70,000, U.S.S.G. § 2B1.1(b)(1)(E); a two-level enhancement for the unlawful use of a means of identification to obtain another means of identification, U.S.S.G. § 2B1.1(b)(10)(C)(i); and a three-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1.

range without prior notice under Fed. R. Crim. P. 32(h).

First, the lack of a specific warning on mandatory restitution did not render O'Rourke's guilty plea either involuntary or unknowing. "This court reviews the issue of a Rule 11 violation for plain error when it is not raised before the district court." United States v. Morris, 286 F.3d 1291, 1293 (11th Cir. 2002). To prove such a violation, a defendant "must show that there is (1) 'error,' (2) that is 'plain,' and (3) that 'affects substantial rights.'" Id. (citation omitted). The district court's failure to inform a defendant of its authority to order restitution "does not impact a defendant's substantial rights where he was warned of a potential fine larger than the actual amount of restitution ordered." Id. at 1294.

O'Rourke's guilty plea was knowing and voluntary because the restitution order did not affect O'Rourke's substantial rights. The district court gave O'Rourke advance warning of a $250,000 fine and the mandatory restitution order was only $91,642.42. Therefore, failure to give specific prior warning of mandatory restitution was not plain error.

Second, the district court did not plainly err by ordering restitution for fraudulently obtained disability payments outside the statute of limitations. If a defendant objects to an order of restitution for the first time on appeal, we review the district court's decision for plain error. United States v. Davis, 117 F.3d 459,

4

462 (11th Cir. 1997). We have commented that "[i]f a district court may consider relevant conduct occurring outside of the statute of limitations in determining the offense level (and, indirectly, the range of possible sentences), we fail to see what precludes it from considering such conduct in fashioning a restitution order." United States v. Dickerson, 370 F.3d 1330, 1342 (11th Cir. 2004).

The district court did not plainly err by considering conduct outside the statute of limitations in ordering restitution for O'Rourke's crime.[2] Even if our decision in Dickerson is not directly binding, "where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." United States v. Lejarde-Rada, 319 F.3d 1288, 1291 (11th Cir. 2003). Neither this Court nor the Supreme Court has held that conduct outside the statute of limitations may not be considered in determining the amount of restitution. Thus, the district court did not commit plain error by considering the full extent of losses proximately caused by O'Rourke's fraud; and we affirm the

---

[2] O'Rourke's crime is governed by the Mandatory Victim Restitution Act (MVRA), which mandates restitution for any offense against property under Title 18, including an offense committed by fraud or deceit, in which an identifiable victim suffers a pecuniary loss. 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii), (c)(1)(B). The statute defines "victim," in part, as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." § 3663A(a)(1)(2). In this case, the SSA was an identifiable victim that suffered a pecuniary loss directly and proximately caused by O'Rourke's criminal conduct.

5

restitution order of $91,642.42.

Third, the district court did not violate Fed. R. Crim. Pro 32(h) by failing to give O'Roarke advance notice before imposing a sentence above the advisory guidelines range. In United States v. Irizarry, No. 05-11718, 2006 WL 2129800 (11th Cir. Aug. 1, 2006), this Court first considered the issue of "whether the notice requirement of Rule 32(h) applies to a sentence set outside the advisory guidelines range based not on the guidelines' departure provisions, but on a district court's consideration of the section 3553(a) factors." Id. at *3. We concluded that Rule 32(h) does not apply to such variances when a court exercises its "post-Booker discretion to impose a reasonable sentence outside the sentencing guidelines." Id. (citing United States v. Booker, 125 S. Ct. 738, 757 (2005)). This Court commented that "[a]fter Booker, parties are inherently on notice that the sentencing guidelines range is advisory and that the district court must consider the factors expressly set out in section 3553(a) when selecting a reasonable sentence between the statutory minimum and maximum." Id. at 8-9.

As in Irizarry, the district court in this case first calculated the advisory guidelines range correctly without departing from the guidelines' departure provisions. Next, the district court considered the sentencing factors of section 3553(a) before determining that a variance on the proposed guidelines sentence

6

was necessary in the light of those factors. The above-guidelines sentence was therefore a variance and not a guidelines departure. Thus, the district court properly exercised its post-<u>Booker</u> discretion in imposing a reasonable sentence of sixty months' imprisonment and failure to give advance notice of such consideration was not reversible error.

The sentence imposed by the district court is AFFIRMED.