[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2007
THOMAS K. KAHN
CLERK

No. 06-14030
Non-Argument Calendar

_____

D. C. Docket No. 06-10006-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELOY RIVERO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 18, 2007)**

Before BIRCH, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Eloy Rivero pleaded guilty to one count of assaulting, resisting and

impeding a Coast Guard officer, in violation of 18 U.S.C. § 111, and one count of

encouraging aliens to illegally enter the United States, in violation of 8 U.S.C. § 1324. The pre-sentence investigation report calculated his advisory guidelines sentence range at 33 to 41 months of prison time. The district court, after considering the 18 U.S.C. § 3553(a) factors, sentenced Rivero to 60 months imprisonment on each of the two counts he pleaded guilty to, with the sentences to run consecutively.

Rivero appeals his 120-month sentence on four grounds. He contends that: (1) he was entitled to notice that the district court intended to sentence him above the guidelines range; (2) the court improperly used in sentencing him information that he proffered to the government about other smuggling attempts; (3) the court double-counted some of his criminal conduct in sentencing him above the guidelines range; and (4) his sentence is unreasonable under the section 3553(a) factors.

Rivero's first contention that Federal Rule of Criminal Procedure 32(h) entitled him to notice of the district court's intention to sentence him above the guidelines range is foreclosed by our decision in United States v. Irizarry, 458 F.3d 1208 (11th Cir. 2006) (per curiam). In that case, we held "that the district court was not required to give Defendant advance notice before imposing a sentence above the advisory guidelines range based on the court's determination that

2

sentences within the advisory guidelines range did not adequately address the section 3553(a) sentencing factors." Id. at 1212. Here, as in Irizarry, the court varied Rivero's sentence above the guidelines range based on its consideration of the section 3553(a) factors and did not rely on the guidelines departure provisions. "After Booker, parties are inherently on notice that the sentencing guidelines range is advisory and that the district court must consider the factors expressly set out in section 3553(a) when selecting a reasonable sentence between the statutory minimum and maximum." Id.

Rivero also contends that the court improperly considered information he proffered to the government about two instances where he smuggled aliens into the country (in addition to the two smuggling instances he admitted to as part of his plea). He claims that the information was protected under U.S.S.G. § 1B1.8(a), which provides:

> Where a defendant agrees to cooperate with the government by providing information concerning unlawful activities of others, and as part of that cooperation agreement the government agrees that self-incriminating information provided pursuant to the agreement will not be used against the defendant, then such information shall not be used in determining the applicable guideline range . . . .

U.S.S.G. § 1B1.8(a).

There are two problems with Rivero's argument. First, the PSR expressly stated, "While paragraphs 20 and 21 support the defendant's pattern of criminal

3

behavior and past involvement in alien smuggling ventures, his prior trips in April 2005 and September 2005 were in now [sic] way used in calculating his total offense level or guideline computations." Thus, Rivero's self-incriminating information regarding his two prior smuggling trips "was not used in determining the applicable guideline range."

Second, we have held that a court may use section 1B1.8(a) information to sentence the defendant without running afoul of the guidelines prohibition, "so long as the information is obtained from independent sources" other than the government. United States v. Pham, 463 F.3d 1239, 1244 (11th Cir. 2006) (per curiam). Here, the independent source of the information was Rivero himself. As part of his presentation to the district court, Rivero's counsel told the court that the two additional smuggling incidents were attempts to bring members of his family still in Cuba to the United States. The court considered this information at Rivero's request; he should not be heard now to assert that it was error for the court to consider information he highlighted to it.

Rivero next contends that the court impermissibly double-counted conduct that was already part of the guidelines calculation in deciding to sentence him above the advisory range. Rivero argues that U.S.S.G. § 5K2.0(a) authorizes the court to upwardly depart from the guidelines range only where there are

4

aggravating circumstances "of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines."

Rivero did not make a double-counting objection before the district court; we therefore review the contention only for plain error.  United States v. Naves, 252 F.3d 1166, 1168 (11th Cir. 2001).  We conclude that there was no error at all.  Section 5K2.0 applies only to upward departures based on the guidelines, which is not what the court did here.  Instead, the court used its post-Booker authority to vary from the guidelines sentence based on its consideration of the section 3553(a) factors.  Section 3553(a) requires the court to consider Rivero and his criminal conduct as it relates to the nature and circumstances of his offense, the seriousness of it, his criminal history, and the need to punish him, protect the public, and deter others.  18 U.S.C. § 3553(a).  Double-counting, other than that which is necessarily a component of section 3553(a), did not occur.

Rivero's final contention is that his sentence is unreasonable because the court:  (1) substituted its own opinion of the seriousness of his crime for the Sentencing Commission's opinion as reflected in the guidelines; (2) did not give the guidelines range due consideration as 3553(a) requires; (3) did not consider mitigating evidence of his characteristics and criminal history; and (4) imposed a sentence that was too harsh for the crime.  We disagree.

5

In <u>United States v. Hunt</u>, 459 F.3d 1180 (11th Cir. 2006), we said that assessing the relative weight to give the guidelines range as opposed to any of the other section 3553(a) factors was necessarily a case-by-case determination. <u>Id.</u> at 1184. "In some cases it may be appropriate to defer to the Guidelines; in others, not. So long as the district court considers the Guidelines, we do not believe it is appropriate to dictate a 'strength' of consideration applicable in every case." <u>Id.</u> at 1184–85.

Here, the district court clearly stated that it considered the guidelines but that other section 3553(a) factors, including the seriousness of Rivero's crime, dictated an upward variance from the advisory range to reach an adequate sentence. As we held in <u>Hunt</u>, such weighing of the section 3553(a) factors is appropriate, and indeed required, in the post-<u>Booker</u> sentencing regime.

As to consideration of the character and criminal history mitigating evidence, the court explicitly stated that it "considered . . . the history and characteristics of the defendant" and "considered the statements of all parties," including Rivero. However, the court explained that the other section 3553(a) factors, especially the seriousness of the offense, warranted a sentence above the guidelines range.

We cannot say that the 120-month sentence is unreasonable in light of the

6

section 3553(a) factors. As part of his plea agreement, Rivero admitted that he twice attempted to smuggle aliens into the country. The first time, the United States Coast Guard tried to pull his boat over but Rivero would not stop. Instead he rammed the Coast Guard's boat. When the Coast Guard officers were finally able to board Rivero's boat, he jumped overboard. After he was finally apprehended, Rivero told the ten aliens he was trying to smuggle into the country, "Sorry, guys, next time."

The next time was only two months later. Rivero was caught again by the Coast Guard, this time trying to smuggle twenty-two aliens into the United States.

We agree with the district court that Rivero's crime was serious. He did not have adequate safety provisions for the passengers aboard his boat, including children, and he needlessly endangered the Coast Guard officers who were trying to apprehend him by ramming their boat and then jumping overboard. Rivero showed no respect for the law. When he was caught the first time, he clearly indicated that there would be a "next time." Not deterred by the first arrest, he was caught again only two months later committing exactly the same crime, except this time he was attempting to smuggle more than twice as many aliens into the country. For these reasons, we do not find the sentence to be unreasonable.

AFFIRMED.