[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 19, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-11848
Non-Argument Calendar

_____

D. C. Docket No. 06-00091-CR-01-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

PATRICK ANDERSON,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 19, 2007)**

Before TJOFLAT, HULL and PRYOR, Circuit Judges.

PER CURIAM:

The government appeals Patrick Anderson's sentence of probation for three

years, including home confinement for six months, imposed following a plea of guilty to insider trading. See 15 U.S. C. §§ 78j(b),78ff(a) and 17 C.F.R. § 240.10b-5. The government argues that the sentence, which was below the guideline sentencing range of 18 to 24 months of imprisonment, was unreasonable. We vacate and remand for resentencing.

Anderson argues that the government did not preserve its objection to the reasonableness of his sentence and we should review for plain error. We disagree. The government presented its arguments both in its sentencing memorandum and at the sentencing hearing.

Because the district court relied on "the objectives of sentencing" when it imposed the below-guidelines sentence, and not on a mitigating factor inadequately addressed in the sentencing guidelines, we will review the sentence as imposing a downward variance. See United States v. Irizarry, 458 F.3d 1208, 1211–12 (11th Cir. 2006), petition for cert. filed, (U.S. Oct. 26, 2006) (No. 06-7517).

We review a sentence for reasonableness. United States v. Talley, 431 F.3d 784, 785 (11th Cir. 2005). "Review for reasonableness is deferential." Id. at 788. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." Id. "When we review a sentence for reasonableness, we do not, as the

2

district court did, determine the exact sentence to be imposed." Id. "We must evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." Id. "[W]hen imposing a sentence falling far outside of the Guidelines range, based on the § 3553(a) factors, '[a]n extraordinary reduction must be supported by extraordinary circumstances.'" United States v. McVay, 447 F.3d 1348, 1357 (11th Cir. 2006) (quoting United States v. Dalton, 404 F.3d 1029, 1033 (8th Cir. 2005)) (second alteration in original).

The extraordinary reduction of Anderson's sentence, from a Guidelines range of 18 to 24 months of imprisonment to probation with home confinement for six months, was unreasonable for two reasons. First, the district court relied upon Anderson's settlement of a civil action filed by the SEC, but there is nothing in the record to suggest that the settlement was extraordinary. See United States v. Kim, 364 F.3d 1235 (11th Cir. 2004). In determining whether restitution is extraordinary, we consider "a wide range of factors, such as the degree of voluntariness, the efforts to which a defendant went to make restitution, the percentage of funds restored, the timing of the restitution, and whether the defendant's motive demonstrates sincere remorse and acceptance of responsibility." Id. at 1244. Anderson admitted no wrongdoing in his settlement

3

with the SEC and presented no evidence of exceptional efforts to make restitution. Second, although the district court found that Anderson did not need to be deterred from offending again, the district court failed to mention any exceptional consideration regarding the need for general deterrence of white-collar offenders. See United States v. Martin, 455 F.3d 1227, 1240 (11th Cir. 2006). The district court found that Anderson had been "taught a lesson," but that finding was not based on any exceptional circumstance. In the absence of any extraordinary circumstances, Anderson's extraordinary variance was unreasonable. United States v. Crisp, 454 F.3d 1285, 1288 (11th Cir. 2006).

Because the sentence imposed was unreasonable, we

**VACATE AND REMAND FOR RESENTENCING.**