[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 20, 2009
THOMAS K. KAHN
CLERK

No. 08-14897
Non-Argument Calendar

_____

D. C. Docket No. 07-00111-CR-01-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHEN E. TAYLOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 20, 2009)

Before TJOFLAT, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Stephen Taylor appeals his sentence of imprisonment for 72 months, which

was imposed after we vacated his sentence of 78 months of imprisonment following his plea of guilty to wire fraud. 18 U.S.C. § 1343. Taylor argues that the district court should not have enhanced his sentence for abusing a position of trust, United States Sentencing Guideline § 3B1.3 (Nov. 2005), and his sentence is unreasonable. We affirm.

We review de novo the application of the enhancement of a sentence for abuse of a position of trust. United States v. Louis, 559 F.3d 1220, 1224 (11th Cir. 2009). "'We review the district court's fact findings'" regarding an abuse of trust "'for clear error.'" United States v. Ward, 222 F.3d 909, 911 (11th Cir. 2000) (quoting United States v. Mills, 138 F.3d 928, 941 (11th Cir. 1998)). We review the final sentence imposed by the district court for reasonableness. United States v. Winingear, 422 F.3d 1241, 1244 (11th Cir. 2005) (per curiam). Review for reasonableness is a deferential standard of review for an abuse of discretion. Gall v. United States, 128 S. Ct. 586, 597 (2007).

We reject Taylor's argument that the district court used double counting to enhance his sentence. Taylor's base offense level was based on his tax evasion and did not account for his abuse of trust. See 26 U.S.C. § 7202; U.S.S.G. § 2T1.6. Wire fraud also does not require evidence of a fiduciary or other relationship of private trust. See 18 U.S.C. § 1343; United States v. Bracciale, 374 F.3d 998, 1010

2

(11th Cir. 2004).

The district court also did not err by finding that Taylor abused a position of trust. Taylor, the president of 20/20 Solutions, offered to closely-held businesses payroll and tax services and he often obtained clients through customer referrals. The owners of those businesses relied on Taylor to calculate their tax liability and provided money to Taylor to pay their payroll expenses and federal taxes. See U.S.S.G. § 3B1.3 cmt. n.1 (stating that the enhancement would apply to "embezzlement of a client's funds by an attorney serving as a guardian"); United States v. Williams, 527 F.3d 1235, 1250 (11th Cir. 2008) ("[W]e have explained that § 3B1.3 applies in the fraud context where the defendant is in a fiduciary, or other personal trust, relationship to the victim of the fraud, and " 'the defendant takes advantage of the relationship to perpetrate or conceal the offense.' " (quoting United States v. Garrison, 133 F.3d 831, 838 (11th Cir. 1998)). Taylor misappropriated the money to pay personal expenses and invest in real estate. By virtue of his familiarity with the processes of the Internal Revenue Service, Taylor provided to his clients false confirmation of payments from the Revenue Service and told his clients that the Revenue Service had posted payments to incorrect accounts. Taylor concealed his theft by soliciting new clients to pay the tax obligations of existing clients.

The district court also did not abuse its discretion by imposing a sentence above the guideline range. The district court correctly calculated the advisory guideline range, but concluded that range of punishment was "not adequate to capture the seriousness of [Taylor's] conduct." See United States v. Irizarry, 458 F.3d 1208, 1211–12 (11th Cir. 2006) (per curiam). The district court did not abuse its discretion when it ruled that an upward variance to 72 months of imprisonment was necessary to account for the facts and circumstances of Taylor's crimes, the emotional and monetary loss suffered by Taylor's victims, the substantial number of victims, and Taylor's disingenuous testimony regarding his motives to purchase the real estate. See 18 U.S.C. § 3553(a); Gall, 128 S. Ct. at 597. Taylor's sentence is reasonable.

Taylor's sentence is **AFFIRMED**.