[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-11082
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 19, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00174-JRH-WLB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH DARRELL STEVENS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(October 19, 2010)

Before EDMONDSON, CARNES and MARTIN, Circuit Judges.

PER CURIAM:

Kenneth Darrell Stevens challenges his sentence for possession of a firearm

and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g).  Stevens

contends that his 77-month sentence, a 14-month variance from the upper end of the 51 to 63 months range determined by the sentencing guidelines, is both procedurally and substantively unreasonable.

Stevens argues that the district court procedurally erred in imposing an upward departure based on his criminal history score of 31 points because the court did not follow the procedures required by U.S.S.G. § 4A1.3 and because the court relied on mistaken facts about the nature of his criminal history. Stevens also argues that, even if the district court did not err in imposing the departure, his sentence was nevertheless unreasonable because: (1) the district court erroneously concluded that he had a history of violent crimes, (2) his 77-month sentence was unreasonable for a "status" crime, (3) the court erred in finding that Stevens posed a risk of recidivism despite mitigating evidence, and (4) the court erred in concluding that Stevens should be incarcerated instead of being treated for substance abuse. Alternatively, Stevens argues that his sentence is unreasonable because the district court considered only one of the 18 U.S.C. § 3553(a) factors and failed to consider his mitigating evidence or adequately explain its sentence.

I.

We review the reasonableness of a sentence imposed under the advisory sentencing guidelines only for an abuse of discretion. Gall v. United States, 552

U.S. 38, 56, 128 S.Ct. 586, 600 (2007).  The burden of establishing

unreasonableness lies with the party challenging the sentence. United States v.

Talley, 431 F.3d 784, 788 (11th Cir. 2005).  When reviewing sentencing decisions

for abuse of discretion, we use a two-step process. "First, we review to 'ensure that

the district court committed no significant procedural error, such as failing to

calculate (or improperly calculating) the Guidelines range, treating the Guidelines

as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based

on clearly erroneous facts, or failing to adequately explain the chosen

sentence—including an explanation for any deviation from the Guidelines range.'"

United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009) (quoting Gall, 552

U.S. at 51, 128 S.Ct. at 597).  The district court need not specifically discuss each

§ 3553(a) factor, provided that the court acknowledges that it considered all of the

factors.  Talley, 431 F.3d at 786.  The district court's findings of fact supporting a

sentence are reviewed only for clear error.  United States v. Docampo, 573 F.3d

1091, 1096 (11th Cir. 2009).

If the district court's sentencing decision is procedurally sound, we must

then determine whether the sentence is substantively reasonable in light of the 18

U.S.C. § 3553(a) factors.  Gall, 552 U.S. at 51, 128 S.Ct. at 597.  The district

court's sentencing decision will be set aside only if we determine, "after giving a

full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable." United States v. Irey, 612 F.3d 1160, 1191 (11th Cir. 2010). The sentencing judge should "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356, 127 S.Ct. 2456, 2468 (2007). While a district court is required to evaluate all of the § 3553(a) factors, it is permitted to attach greater weight to one factor over others. Shaw, 560 F.3d at 1237.

Stevens contends that his sentence is procedurally unreasonable because the district court did not follow the procedures required by U.S.S.G. § 4A1.3 in arriving at his above-guidelines sentence. The court noted at the sentence hearing that the PSR indicated that an upward departure under § 4A1.3 might be warranted, and it allowed Stevens to present mitigating evidence. The court found that Stevens' criminal history score under the guidelines did not adequately take into account his extensive criminal history or his "alarming level of recidivism." The court later explained why the nature and extent of Stevens' criminal history was of the kind or degree not adequately taken into consideration by the guidelines:

4

This defendant has over twice the criminal history points needed to place him in the highest Criminal History Category, that is, a Category VI. At least two of his convictions were not counted, as the sentencing guidelines direct that only a maximum of four one-point convictions be counted pursuant to Sentencing Guideline Section 4A1.1(c). Mr. Stevens has been arrested almost every year since age 20. A review of his criminal history reveals that the only years that Mr. Stevens was not arrested were the years that he was incarcerated.

The Court also notes that Mr. Stevens' record reflects a number of very serious crimes, including attacks on law officers, violent crimes, pointing guns at others, and his past activity reflects a total lack of respect of authority in that he has had a number of probation revocations. Clearly, Mr. Stevens' egregious criminal record reflects an alarming level of recidivism and a likelihood of further offenses when not incarcerated.

Doc. 28 at 20–21. Stevens assumes that, based on these statements, the district court imposed an upward departure on the basis that his "criminal history category substantially under-represent[ed] the seriousness of [his] criminal history or the likelihood that [he] will commit other crimes." U.S.S.G. § 4A1.3(a)(1). He argues that if the court did impose an upward departure, it was procedurally unreasonable because the court did not follow the procedures set out in U.S.S.G. § 4A1.3.

In order to determine whether the district court imposed an upward departure or an upward variance, we look to whether the court justified the sentence by citing to a specific guidelines provision authorizing departure (which would indicate an upward departure) or instead grounded its decision on its

5

determination that the guidelines range was inadequate (which would indicate an upward variance). See United States v. Kapordelis, 569 F.3d 1291, 1316 (11th Cir. 2009); United States v. Eldick, 443 F.3d 783, 788 n.2 (11th Cir. 2006). In this case, the district court did not mention § 4A1.3 or any other guidelines provision authorizing departure. Instead, the court explicitly found that the guidelines were inadequate, and it based that determination on considerations drawn from the factors listed in 18 U.S.C. § 3553(a):

> Accordingly, this Court has determined that the imprisonment range established by the advisory guideline system does not adequately address the facts of this case. The need to impose a sentence which reflects the seriousness of the offense, promotes respect for the law and provides a just punishment while serving as a deterrent to others as well as protecting this community from further crimes of Mr. Stevens were all factors considered by this Court in determining that a sentence outside the advisory guideline system is appropriate.

Doc. 28 at 21. We conclude that the district court relied on an upward variance instead of an upward departure in imposing the above-guidelines sentence, and for that reason it was not required to follow the procedures set forth in § 4A1.3.

It was not clear error for the district court to determine from the undisputed facts that Stevens' criminal history included instances of violence, and it was not an abuse of discretion for the court to consider those facts in sentencing Stevens to a term of imprisonment that was above the range provided for by the guidelines.

See Shaw, 560 F.3d at 1240–41 (affirming an upward variance of 83 months based primarily on district court's conclusion that a greater sentence was needed to promote deterrence and a respect for the law in light of defendant's extensive criminal history); United States v. Williams, 526 F.3d 1312, 1323–24 (11th Cir. 2008) (it was not an abuse of discretion for the district court to consider defendant's prior offenses in determining whether to impose an upward variance even though those offenses were already considered in calculating defendant's criminal history score).

Finally, Stevens' sentence is procedurally reasonable because the district court considered all of the 18 U.S.C. § 3355 factors and adequately explained its sentence. The court's statements during the hearing show that it considered the parties' arguments, the advisory guidelines, and the statutory factors, thus satisfying the requirements of § 3553(c). Although the court focused on the dangers posed by Stevens' "alarming level of recidivism," the record makes clear that the court also considered "[t]he need to impose a sentence which reflects the seriousness of the offense, promotes respect for the law and provides a just punishment while serving as a deterrent to others." Cf. United States v. Irizarry, 458 F.3d 1208, 1211–12 (11th Cir. 2006) (affirming a district court's decision to apply an upward variance based on a single § 3553(a) factor, the need to protect

the public from further crimes of the defendant). Therefore, the district court's reasoned explanation of its sentencing decision is sufficient for us to find that the district court did not abuse its discretion by the manner in which it arrived at a sentence outside the applicable guidelines range.

II.

Stevens contends that his sentence is substantively unreasonable because the district court erred by concluding that his criminal history was "violent." We disagree. Stevens' extensive record includes four convictions for battery, one of which involved Stevens punching his victim in the face. On still another occasion, Stevens punched his victim in the face several times, threw her down, kicked her in the ribs, spat in her face, and dragged her down a hallway while holding a knife to her throat. Stevens was also convicted of pointing a gun at another person and of obstructing law enforcement officers, including resisting arrest. Finally, during his commission of the offense at issue in this case, Stevens repeatedly punched the arresting officer in the face while the officer tried to stop Stevens from swallowing drugs.

It was not unreasonable for the district court to sentence Stevens to a 77-month term of imprisonment for what Stevens calls a "status" crime. Although Stevens was convicted of being a felon in possession of a firearm and ammunition,

8

he was arrested while attempting to sell illegal drugs to a confidential informant, and he assaulted the arresting officer. His 77-month sentence is well below the statutory maximum sentence of 10 years imprisonment. See Shaw, 560 F.3d at 1239–40 (affirming the district court's upward variance from a guidelines range of 30 to 37 months to the statutory maximum of 120 months based on the defendant's twenty-six known offenses that gave him a criminal history score of 20).

The district court did not abuse its discretion in its consideration of Stevens' mitigating circumstances evidence or his request for drug treatment instead of incarceration. As the court noted, Stevens had been arrested almost every year of his adult life, he had a history of violence, he had demonstrated a disrepect of authority, and his criminal history score of 31 was the highest the court had seen. The court was not obligated to accept or be swayed by the testimony of Stevens' brother and mother that he was turning his life around "prior to this last event." In fact, Stevens was arrested for the offense that led to this sentence during the period he was attending court-ordered weekly counseling sessions for substance abuse.

Accordingly, we hold that Stevens' above-guidelines sentence is both procedurally and substantively reasonable.

**AFFIRMED**.

9