[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 14, 2011
JOHN LEY
CLERK

No. 10-13577
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cr-00070-JRH-WLB-1

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

WALTER MARION WILLIAMS,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(November 14, 2011)

Before BARKETT, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Walter Marion Williams pleaded guilty to one count of mail fraud, in

violation of 18 U.S.C. § 1341, and was sentenced to a term of 108 months'

imprisonment to be followed by 3 years of supervised release. Williams appeals from his sentence, which he argues was an unreasonable upward variance from his guidelines range of 51 to 63 months' imprisonment.[1]

## I.

From 1992 until 2009, Williams, who was a licensed insurance broker, took over 1.9 million dollars from several of his friends, relatives, and congregants at the church he attended, promising that he would invest their money in annuities and viatical settlements. But instead of investing their money, Williams used it to pay gambling debts and support a relatively luxurious lifestyle. Toward the end of this scheme several of the "investors" grew suspicious of Williams and asked that he return their money. Williams gave them cash in attempt to appease them, but only compounded his fraud, because he "refunded" them by taking more money from other victims.

After hearing testimony at sentencing from several victims of Williams's scheme and considering the sentencing factors in 18 U.S.C. § 3553(a), the district

---

[1] Williams does not challenge the procedural reasonableness of his sentence. And although Williams also challenges his sentence as an unreasonable upward departure from the guidelines, the judge made clear at sentencing that he was varying upward. As we agree that the above-guidelines sentence was imposed as a variance because the guidelines range was correctly calculated and the district judge considered it inadequate to achieve the purposes of 18 U.S.C. § 3553(a), we do not address Williams's upward-departure argument. *See United States v. Irizarry*, 458 F.3d 1208, 1211 (11th Cir. 2006).

judge imposed a sentence of 108 months' imprisonment. In explaining why he thought such a lengthy sentence was necessary, the judge noted that he did not think that the guidelines range adequately reflected the seriousness of Williams's conduct and as such he felt the need to impose an upward variance.

## II.

We review all sentences, whether they are imposed inside or outside the guidelines, "only for reasonableness under an abuse of discretion standard." *United States v. Irey*, 612 F.3d 1160, 1186 (11th Cir. 2010) (*en banc*) *cert. denied* 131 S. Ct. 1813 (2011). In reviewing the substantiative reasonableness of a sentence we look at the totality of the circumstances including the extent of any variance from the guidelines range. *United States v. Saac*, 632 F.3d 1203, 1212 (11th Cir. 2011). But "we must give due deference to the district court's decision that the [18 U.S.C.] § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51 (2007).

Here, the district judge noted the length of the defendant's scheme, the financial burden it imposed on its victims and their families, the small likelihood of recovering any of the defrauded funds, and the age of the victims, as well as Williams's use of personal and familial relationships to defraud the victims. Although that last element (abuse of trust) was taken into account in the guidelines

calculations, we cannot conclude that the district court abused its discretion by concluding the defendant's abuse of trust was more egregious than what was contemplated by the guidelines. And given the district court's reasoned and considered explanation of why the facts in this case warranted a sentence outside the guidelines, we also conclude the district court imposed a reasonable sentence and thus did not abuse its discretion.

**AFFIRMED.**