[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12419
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cr-00064-MCR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KANDI KAY HOLDEN,
a.k.a. Kandi K. Olgesby,
a.k.a. Kandi Martin,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 20, 2014)

Before TJOFLAT, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Kandi Kay Holden appeals her 54-month imprisonment sentence, imposed following her pleading guilty to (1) engaging in a scheme to defraud and obtain money by wire fraud, in violation of 18 U.S.C. §§ 1343 and 2; (2) filing a false federal income tax return, in violation of 26 U.S.C. § 7206(1); and (3) failing to file a federal income tax return, in violation of 26 U.S.C. § 7203.  We affirm.

## I. BACKGROUND

Over a period of several years, Holden had transferred by wire hundreds of thousands of dollars from the bank account of her former employer, Cantwell Steel Erectors, Inc. ("CSE"), into her personal account without authorization. Eventually, Wells Fargo Bank ("Wells Fargo") contacted CSE to inquire about the transfers.  Keith Cantwell, one of CSE's owners, confronted Holden, who emailed Wells Fargo using Cantwell's email account, purported to be Cantwell, and informed the bank the wire transfers were legitimate.  While Holden acknowledged her criminal conduct to Cantwell, she also accused Cantwell of conducting illegal activity and threatened to make things difficult for him and the company, unless he agreed to allow her to repay the money and resolve the matter internally.

The Federal Bureau of Investigation and the Internal Revenue Service ("IRS") subsequently began investigating the case.  During the investigation, Holden informed IRS Special Agent Chris Pekerol that CSE had authorized her to transfer by wire funds from its bank account into her personal bank account to cash

paychecks for workers.  Holden told Agent Pekerol these workers did not have proper identification to cash checks or worked later than bank business hours and needed to be paid in cash.  Because of Holden's statements, Agent Pekerol testified at sentencing he had spent one to two weeks investigating whether she actually had used some of the wire transfers to pay employees.  His investigation revealed her statements were false.

At sentencing, the district judge determined Holden qualified for a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1, based on her statements to Agent Pekerol that she had been authorized to transfer by wire funds into her account.  The judge found Holden's statements were given to a federal law enforcement officer and were material and false.  The judge also found Holden's statements significantly impeded the government's early investigation of the crimes, because Holden's false statements to Agent Pekerol caused him to spend one to two weeks reviewing hundreds of wire transfers in detail.

The district judge then determined Holden had a total offense level of 19 and a criminal history category of I, which resulted in a Sentencing Guidelines imprisonment range of 30 to 37 months. The judge concluded, however, the Guidelines range was not sufficient, because it did not account for Holden's pattern of deceit or her criminal conduct following the discovery of her unauthorized

actions.  Consequently, the judge sentenced Holden above the Guidelines range to 54 months of imprisonment.

On appeal, Holden argues the district judge impermissibly applied a two-level enhancement to her total offense level under U.S.S.G. § 3C1.1 for obstruction of justice.  For the first time on appeal, she argues the judge imposed a departure sentence, rather than an upward variance, which entitled her to Federal Rule of Criminal Procedure 32(h) notice about the departure prior to sentencing.

## II. DISCUSSION

### A. Obstruction of Justice

In reviewing a district judge's imposition of an obstruction-of-justice sentencing enhancement, we review factual findings for clear error and application of factual findings to the Sentencing Guidelines de novo.  *United States v. Doe*, 661 F.3d 550, 565 (11th Cir. 2011).  The Guidelines provide for a two-level enhancement if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense."  U.S.S.G. § 3C1.1.  A defendant obstructs or impedes justice by "providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense."  *Id.* § 3C1.1, cmt. n.4(G).  To establish a defendant's conduct resulted in an actual hindrance, "the government

4

must present evidence of what action it took that it would not have taken" had the defendant not provided false information. *United States v. McGuinness*, 451 F.3d 1302, 1305 (11th Cir. 2006) (per curiam) (citation and internal quotation marks omitted).

The record demonstrates, and Holden does not contest, she provided materially false statements to a federal law enforcement officer. *See* U.S.S.G. § 3C1.1, cmt. n.4(G). The primary issue on appeal is whether Holden's false statements actually hindered the official investigation or prosecution of her case. Agent Pekerol testified that, had Holden not provided those statements, he would not have spent one to two weeks locating CSE employees and analyzing Holden's bank withdrawals in the detail that he had done. *See McGuinness*, 451 F.3d at 1305 (deciding the district judge did not err in concluding the defendant's false statements, including giving a false name, which caused officers to expend extra resources, created a hindrance). Nothing in the record demonstrates the government would have undertaken those same actions regardless of her false statements. Therefore, the district judge did not clearly err in finding that Holden's false statements led the government down a "rabbit trail" and significantly had hindered or obstructed the investigation of her offenses. R at 544. Applying a two-level enhancement for obstruction of justice was not error and appropriate.

B. Notice Under Federal Rule of Criminal Procedure 32(h)

When a defendant raises a sentencing argument for the first time on appeal, we review only for plain error. *Doe*, 661 F.3d at 565. To establish plain error, a defendant must show (1) an error, (2) that is plain, (3) that affects the defendant's substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Pantle*, 637 F.3d 1172, 1174 (11th Cir. 2011) (per curiam).

Federal Rule of Criminal Procedure 32(h) provides that, "[b]efore the [judge] may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the [judge] must give the parties reasonable notice that [the judge] is contemplating such a departure." Fed. R. Crim. P. 32(h). The Rule 32 notice requirement applies only to departures, not to variances. *Irizarry v. United States*, 553 U.S. 708, 715-16, 128 S. Ct. 2198, 2203-04 (2008) ("*Irizarry II*").

The Supreme Court has defined a "departure" as "non-Guidelines sentences imposed under the framework set out in the Guidelines." *Id.* at 714, 128 S. Ct. at 2202. In determining whether a sentence imposed outside the advisory Guidelines range is a variance or a departure, we have considered "whether the district [judge] cited to a specific guideline departure provision and if the [judge's] rationale was based on [the judge's] determination that the Guidelines were

6

inadequate." *United States v. Kapordelis*, 569 F.3d 1291, 1316 (11th Cir. 2009). In *Kapordelis*, we held, where the district judge (1) did not cite to a specific Guidelines departure provision, and (2) based an above-Guidelines sentence on the § 3553(a) factors by concluding the Guidelines were inadequate, the judge imposed a variance rather than a departure. *Id.* We also have recognized, where the district judge correctly calculated the advisory Guidelines range and then imposed an above-Guideline's sentence based on the inadequacy of that range under the § 3553(a) factors, the judge varied rather than departed. *United States v. Irizarry*, 458 F.3d 1208, 1211-12 (11th Cir. 2006) (per curiam) ("*Irizarry I*").

Before imposing the sentence, the judge correctly calculated the advisory Guideline ranges and discussed the § 3553(a) factors at length. Because the judge did not cite to any specific departure provision in the Guidelines and imposed the sentence after finding the Guidelines range was inadequate, Holden's sentence was not plainly a departure sentence. *See Kapordelis*, 569 F.3d at 1316; *Irizarry I*, 458 F.3d at 1211-12. Consequently, the district judge was not required to provide Rule 32(h) notice and did not err by varying upward without providing Holden with advance notice. *See* Fed. R. Crim. P. 32(h); *Irizarry II*, 553 U.S. at 715-16, 128 S. Ct. at 2203-04. Holden's argument the district judge departed rather than varied is meritless, and we affirm her 54-month imprisonment sentence.

**AFFIRMED.**