[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11094
Non-Argument Calendar

_____

D.C. Docket No. 9:17-cr-80153-RLR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RYAN DANIEL WEBMAN,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 28, 2019)

Before TJOFLAT, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Ryan Webman appeals his 110-month sentence.  He argues that his above-

guideline sentence was substantively unreasonable because the district court improperly considered prohibited evidence, such as prior criminal history and facts already assessed in the guideline range, and gave too much weight to certain sentencing factors, including the seriousness of the offense, the need to promote respect for the law, and the need to protect the public from further crimes of the defendant, over his mitigating factors. After careful consideration, we now affirm.

Webman pled guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a). According to the factual proffer to which he stipulated, Webman gave the bank teller a deposit slip on which he had written that he was robbing the bank, he did not want any dye packs, and he had put a bomb under a car outside the bank. The teller, in fear for her life, gave Weman the money from her teller drawer, and Webman fled. Based on this conduct and Webman's criminal history, the district court concluded, and Webman agreed, that his total offense level was 21, his criminal-history category was VI, and his guidelines range was 77 to 96 months' imprisonment.

At sentencing, Webman sought a downward variance from the guideline range to 60 months' imprisonment based on his personal circumstances, involving, among other matters, the recent death of his wife, as well as the prior deaths of his infant son and his father. For its part, the government sought an upward departure or, in the alternative, an upward variance from the guideline range based on Webman's criminal history.

The district court announced that it considered all of the § 3553(a) factors and,

2

though it declined to depart from the guidelines, it stated that it would vary from the guidelines to a sentence of 110 months. In explaining the basis for this variance, the district court described the nature of the offense as "very serious" and likewise found Webman's criminal history to be "very serious." The court noted that Webman has been convicted of seventeen offenses as an adult and that many of his convictions and arrests have involved violent conduct.

In particular, the district court recounted Webman's conviction for aggravated battery with a deadly weapon, which concerned a road-rage incident; a conviction for disorderly conduct for threatening to shoot the occupants of a residence; battery for spitting in an officer's face and threatening to kill the officer and the officer's children when he was released from jail; and aggravated battery and aggravated assault with a deadly weapon. The district court also noted Webman's multiple convictions for drug-related offenses, as well as the fact that he committed violations while on probation. In addition, the district court expressed concern over Webman's multiple convictions that it found demonstrated disrespect for the law and law-enforcement officers. The court stated that it needed to protect the public from further crimes of the defendant and noted Webman had been committing these crimes as an adult for almost 20 years. Although the district court expressly considered Webman's difficult personal circumstances, it nonetheless concluded that, in light of the rest of the record, they did not justify a downward variance and could not excuse his lengthy criminal history and the danger he represented to the public.

3

We review the substantive reasonableness of a sentence under the deferential abuse-of-discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41 (2007). The party challenging the sentence has the burden of demonstrating that it is unreasonable in light of the record and the sentencing factors. *United States v. Pugh,* 515 F.3d 1179, 1189 (11th Cir. 2008).

We look at whether the sentence is substantively reasonable under the totality of the circumstances. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). A sentence outside the guideline range is not presumptively unreasonable, and extraordinary circumstances are not required to justify a variance. *Gall*, 522 U.S. at 47, 51. A district court can rely on factors in imposing a variance that it had already considered in imposing an enhancement under the guidelines. *United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010).

We further recognize that a departure and a variance are distinct. *United States v. Izizarry*, 458 F.3d 1208, 1212 (11th Cir. 2006). When a district court departs, it cannot consider grounds adequately taken into account by the guidelines; however, district courts are not bound by those same rules when they vary a sentence based on the § 3553(a) factors. *Compare United States v. Pressley*, 345 F.3d 1205, 1210-11 (11th Cir. 2003) (stating that a district court lacks authority to depart in a case in which the proposed ground for departure was already taken into account by the guidelines), *with United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009) (district court used defendant's criminal history as factual foundation to justify an upward variance of

4

defendant's sentence). Specifically, a sentencing court may upwardly vary a sentence when it determines that the guideline range is insufficient in light of the defendant's criminal history and the § 3553(a) factors. *United States v. Sanchez*, 586 F.3d 918, 936 (11th Cir. 2009).

A district court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). In imposing its sentence, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, and the applicable guideline range. § 3553(a)(1), (3)-(4).

The weight accorded to any given § 3553(a) factor is a matter committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). A district court need not explicitly consider each of the sentencing factors; rather, an acknowledgement that it considered the factors will generally suffice. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). A district court, however, abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). We

5

will remand only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors. *Id.* at 1190. District courts only consider the need to avoid sentencing disparities when they can identify a specific defendant with a similar record convicted of the same or similar crime. *See United States v. McQueen,* 727 F.3d 1144, 1159-60 (11th Cir. 2013). Further, a district court cannot impose or lengthen a prison term for rehabilitation purposes; conversely, the court commits no error by discussing rehabilitation opportunities within the prison system. *United States v. Tapia*, 564 U.S. 319, 326-27, 334 (2011).

We further note that a sentence well below the statutory maximum penalty is an indication of reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Here, the district court did not abuse its discretion by imposing an above-guideline 110-month sentence because it considered the totality of the circumstances, including Webman's peculiar history and characteristics, the seriousness of the offense, and the needs to promote respect for the law and protect the public from further crimes. The district court made clear that the 110-month sentence was an upward variance, not an upward departure, and could therefore properly consider information such as Webman's juvenile and arrest records—though the district court's statements at sentencing show that it relied almost exclusively on Webman's adult

6

convictions when it explained the basis for the variance imposed.  Furthermore, the district court could properly vary upward based on the seriousness of the offense, even if that was already factored into the guideline range.  We find no legal error and no abuse of discretion.

**AFFIRMED.**