[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 26, 2011
JOHN LEY
CLERK

No. 10-14504
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cr-00069-VMC-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EVER ANTONIO-HERNANDEZ,
a.k.a. Ruben Munoz-Mendez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 26, 2011)

Before BARKETT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

After pleading guilty, Ever Antonio-Hernandez appeals his 36-month

sentence for illegal reentry of an alien deported after a felony conviction, in

violation of 8 U.S.C. § 1326(a) and (b)(1). After review, we affirm.

## I. BACKGROUND FACTS

### A. Presentence Investigation Report

According to the presentence investigation report ("PSI"), Antonio-Hernandez, a citizen of Mexico, was deported in January 2003 and again in February 2003 after illegally entering the United States. In May 2007, Antonio-Hernandez was convicted of purchase of cocaine in Florida state court. After completing his sentence, Antonio-Hernandez was deported a third time in April 2008. In July 2008, Antonio-Hernandez was deported a fourth time.

In January 2009, Immigration and Customs Enforcement officials encountered Antonio-Hernandez in the Pinellas County, Florida jail, where he was being held pending charges for possession of dextroamphetamine.

In February 2010, Antonio-Hernandez was charged with the instant illegal reentry offense. In May 2010, the district court accepted Antonio-Hernandez's guilty plea. The PSI recommended a total offense level of 10 and a criminal history category of V, which resulted in an advisory guidelines range of 21 to 27 months' imprisonment. Antonio-Hernandez did not object to the PSI.

### B. Sentencing

At sentencing in September 2010, the district court, without objection,

adopted the PSI and calculated an advisory guidelines range of 21 to 27 months. The district court then asked the parties for statements as to the appropriate sentence.

The government noted that Antonio-Hernandez was "about to be deported for a fifth time," and argued that Antonio-Hernandez needed to be sent a message that "his conduct [would] not be tolerated further." The government asked the district court "to depart three levels up" to an offense level 13, which would result in a "high end of the guidelines" at 37 months. The government asked for a 36-month sentence.

In response, Antonio-Hernandez asked the district court "to stay within the guidelines," and argued that a sentence within the advisory guidelines range of 21 to 27 months was reasonable. In mitigation, Antonio-Hernandez pointed to his "rough childhood," and the fact that Antonio-Hernandez needed to care for his widowed grandmother in Mexico. Antonio-Hernandez addressed the court, apologized for his crime and stated that he understood he needed to return to Mexico and care for his grandmother.

The district court imposed a 36-month sentence. The district court stated that the "guidelines are advisory, which means that I have the right to depart upward, which is what I have done, if I deem it appropriate, and if the

circumstances warrant it." The district court noted that it had "departed upwards" only a handful of times, and pointed to Antonio-Hernandez's recidivism and serious criminal history for its decision to do so in Antonio-Hernandez's case:

> This is your fifth time coming illegally into the United States. The fifth time. And quite frankly, if you just crossed the border and didn't violate the law when you were here, you wouldn't be in criminal court, and you would have a lot more sympathy from the person who is sentencing you. Because, you know, after all, the United States is . . . the land of opportunity.
> Obviously you have to follow the rules and the law, and that's - - that's first and foremost what we should do. But what is particularly upsetting is when you come here illegally and then break the law. I mean, . . . it, in essence, adds insult to injury. And in your case it's over and over and over again. And not just committing little crimes, but it's committing crimes that are serious crimes. Committing drug crimes.

The district court reviewed Antonio-Hernandez's criminal history, which included convictions for purchase of cocaine, possession of cocaine, burglary and giving false information to the police. The district court pointed out that Antonio-Hernandez's most recent arrest and deportation stemmed from a drug possession charge. The district court stated that "it's just on and on and on" and "at some point it just has to end" and "a message needs to be sent to you that enough is enough." The district court concluded that "circumstances warranted my departing upward," and stated, "I don't want you to leave this courtroom without understanding that you cannot come back into the United States unless you follow

the proper protocol."

When the district court asked for final objections, defense counsel stated, "Your Honor, just to the reasonableness of the sentence." The district court responded, "Okay. I understand, and . . . I believe I've stated my reasons why I departed upwards."

## C.    Statement of Reasons

In its statement of reasons filed after sentencing, the district court checked boxes indicating that it had departed above the advisory guidelines range based on the government's motion. However, the district court did not complete the corresponding Section V of the form, which listed possible reasons for a departure by guidelines provision, including U.S.S.G. § 4A1.3 for criminal history inadequacy.

Instead, the district court completed Section VI, which corresponds to a sentence imposed outside the advisory guideline system (i.e., a variance) and asks the court to explain the facts justifying such a sentence. Specifically, in Section VI, the district court stated: "The Court granted the government's oral motion for an upward departure of 3 levels based on aggravating factors including the defendant's five prior deportations, and the defendant's ongoing criminal history including drug sales, drug possession, burglary, and providing false names to law

enforcement."  Antonio-Hernandez filed this appeal.

## II.  DISCUSSION

On appeal, Antonio-Hernandez argues that his 36-month sentence was the result of an upward departure under U.S.S.G. § 4A1.3(a) and that the district court erred by not giving prior notice pursuant to Federal Rule of Criminal Procedure 32(h) or following the procedures in § 4A1.3(a).

Because Antonio-Hernandez raises these objections for the first time on appeal, we review for plain error.  See United States v. Olano, 507 U.S. 725, 731-32, 113 S. Ct. 1770, 1776 (1993).[1]  Under plain error review, Antonio-Hernandez must show (1) error, (2) that is plain, (3) that affected his substantial rights, and (4) that "seriously affects the fairness, integrity or public reputation of judicial proceedings."  See id. at 732, 113 S. Ct. at 1776 (quotation marks and brackets omitted).

Section 4A1.3(a) authorizes a district court to depart upward "if reliable information indicates that the defendant's criminal history category substantially

---

[1]We reject Antonio-Hernandez's contention that his general objection to the reasonableness of his sentence preserved the issues he now raises on appeal.  At sentencing, Antonio-Hernandez did not argue that he was entitled to Rule 32(h) notice or that the district court had not complied with U.S.S.G. § 4A1.3(a).  See United States v. Gallo-Chamorro, 48 F.3d 502, 507 (11th Cir. 1995) ("To preserve an issue for appeal, a general objection or an objection on other grounds will not suffice."); United States v. Hoffer, 129 F.3d 1196, 1202 (11th Cir. 1997) ("To preserve an issue for appeal, an objection must be sufficiently detailed to allow the trial court an opportunity to correct any arguable errors before an appeal is taken.")

under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(a)(1). If the defendant's criminal history category is lower than a category VI, the departure must proceed "on only the horizontal axis" of the sentencing table, increasing or decreasing the criminal history category, not the offense level. United States v. Smith, 289 F.3d 696, 710 (11th Cir. 2002); see also U.S.S.G. § 4A1.3(a)(4)(A).

Rule 32(h) requires the district court to provide notice before it imposes a guidelines departure on a ground not identified in the PSI or a party's prehearing submission. See Fed. R. Crim. P. 32(h); see also Burns v. United States, 501 U.S. 129, 131, 111 S. Ct. 2182, 2183 (1991). However, Rule 32(h)'s notice requirement applies only to departures under the sentencing guidelines, not to variances from the applicable guidelines range. Irizarry v. United States, 553 U.S. 708, 714-16, 128 S. Ct. 2198, 2202-04 (2008).

We have concluded that an above-guidelines sentence involves a variance from the advisory range, rather than a departure, when the district court correctly calculated the guidelines range, found that the range did not address adequately all of the 18 U.S.C. § 3553(a) factors and did not cite a specific departure provision. See, e.g., United States v. Irizarry, 458 F.3d 1208, 1211-12 (11th Cir. 2006), aff'd,

553 U.S. 708, 128 S. Ct. 2198 (2008); United States v. Eldick, 443 F.3d 783, 788 n.2 (11th Cir. 2006). We have done so even when the district court stated it was granting a "motion for an upward departure." United States v. Kapordelis, 569 F.3d 1291, 1316 (11th Cir. 2009), cert. denied, 130 S. Ct. 1315 (2010) (relying on fact that district court did not cite a departure provision and based its sentencing rationale on § 3553(a) factors and a determination that a guidelines sentence was inadequate).

Here, the district court did not impose an upward departure under the sentencing guidelines. Rather, the district court calculated the advisory guidelines range and invited the parties to suggest an appropriate sentence. Although the district court used the phrase "upward departure" during the proceedings and in the statement of reasons, it never cited a specific departure provision in the guidelines as the basis for the increased sentence. The district court also did not make a finding that Antonio-Hernandez's criminal history category V substantially under-represented the seriousness of his criminal history or the likelihood he would commit other crimes.

Further, the district court's rationale for the 36-month sentence was the seriousness of Antonio-Hernandez's criminal history, his propensity for recidivism and the need to deter him from further criminal conduct, which implicate several

8

§ 3553(a) factors, including the defendant's history and characteristics, the need for afford adequate deterrence and the need to protect the public from future crimes by the defendant. See 18 U.S.C. § 3553(a)(1), (2)(B), (2)(C). On the record as a whole, we conclude the district court imposed a discretionary nine-month upward variance based on the § 3553(a) factors, and not an upward departure based on U.S.S.G. § 4A1.3(a). At a minimum, given our plain error review, Antonio-Hernandez has not carried his burden to show the district court plainly conducted a § 4A1.3(a) departure as he argues.

Given that the district court imposed an upward variance, it was not required to give Rule 32(h) notice or to comply with the procedures in U.S.S.G. § 4A1.3(a). Antonio-Hernandez has not shown plain error.

**AFFIRMED.**