[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 6, 2011
JOHN LEY
CLERK

No. 10-14652
Non-Argument Calendar
_____

D.C. Docket No. 8:10-cr-00057-JSM-TBM-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TYRONE WILLIAMS, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 6, 2011)

Before BARKETT, HULL and BLACK, Circuit Judges.

PER CURIAM:

Tyrone Williams, Jr. appeals his 37-month sentence, imposed after he pled guilty to 1 count of distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1).

We directed Williams in an *Anders* order to brief us on whether the district court committed plain error when it failed to notify the parties before the sentencing hearing of its intention to impose a two-level upward variance or departure. Williams concedes that the district court imposed an upward variance, as opposed to a departure, and as a result, he was not entitled to notice.[1]

However, Williams argues that his 37-month sentence was substantively unreasonable because the length of the sentence was excessive considering his mitigation factors. He asserts that an 18-month sentence was reasonable to reflect the seriousness of the offense and the purposes of sentencing.

---

[1] Although Rule 32(h) requires that parties are given reasonable notice of the contemplated decision to depart from the sentencing guidelines, and an opportunity to comment on the departure, the notice requirement under Rule 32(h) does not apply to a *variance* from the advisory sentencing guidelines range, only to a *departure*. *See Irizarry v. United States*, 553 U.S. 708, 714, 128 S.Ct. 2198, 2202, 171 L.Ed.2d 28 (2008).

In *United States v. Izziary*, which the Supreme Court affirmed, this Court determined that a variance and not a departure was imposed when the district court calculated the guideline range, considered the adequacy of the guideline range in light of the § 3553(a) factors and the evidence, and then decided to sentence the defendant outside the guideline range because the applicable range did not adequately address the defendant's risk to the public under § 3553(a)(2)(C). *United States v. Irizzary*, 458 F.3d 1208, 1211-12 (11th Cir. 2006), *aff'd*, 553 U.S. 708 (2008).

## A. The sentence calculation

In calculating Williams' sentence, the district court started with a total offense level of 12 and criminal history category of VI, yielding a guideline imprisonment range of 30 to 37 months. Next, the court "varied downward" to a total offense level of 10 to equate crack cocaine to powder cocaine, at the defendant's request, yielding a guideline range of 24 to 30 months. Finally, the court "varied upward" two levels to offense level 12 because of Williams's criminal history score of 23, which returned the final guideline range back to 30 to 37 months. The parties agree that these were variances, not departures under the Guidelines. Furthermore, the court's actual guideline calculation remained the same as the PSI, despite the upward and downward variances.

In determining the sentence to be imposed, § 3553(a) requires the district court to consider the following factors: (1) the nature and circumstances of the offense and *the history and characteristics of the defendant*; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) *the need "to protect the public from further crimes of the defendant;"* (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the sentencing

3

guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a) (emphasis added); *Irizzary*, 458 F.3d at 1212 n.2. Here, the variance was justified on the basis of the district court's consideration of the first factor, the defendant's criminal history, and fourth factor, the need to protect the public from further crimes.

We review the reasonableness of a sentence under a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). We may "set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable." *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (en banc), *cert. denied*, 131 S.Ct. 1813 (2011).

In reviewing the reasonableness of a sentence, we must first ensure that the sentence was procedurally reasonable, meaning that the district court properly calculated the guideline range, treated the guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. Once we determine a sentence is procedurally reasonable, we must examine

whether the sentence, including the extent of any variance, was substantively reasonable under the totality of the circumstances. *Id*.

Here, we find that the sentence was both procedurally sound and substantively reasonable. As the district court explained, Williams's extensive criminal history, the need to deter him from future crimes, and the need to protect the public justified the upward variance based on the § 3553(a) factors.

**AFFIRMED.**