[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12786
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cr-20631-UU-12

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL BAUTISTA ALVAREZ,
a.k.a. Manuel Bautista,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 7, 2016)

Before ED CARNES, Chief Judge, TJOFLAT, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Manuel Bautista Alvarez appeals the district court's denial of his motion for a reduced sentence. His motion was based on Amendment 782 to the guidelines, which lowered the base offense level for the drug offenses for which Alvarez was convicted. The district court correctly denied Alvarez's motion because, although Amendment 782 lowered the base offense level for the offenses of conviction, it had no effect on Alvarez's sentence under the guidelines.

Alvarez pleaded guilty to violating 21 U.S.C. §§ 841(a)(1) and 846 by conspiring, with several codefendants, to possess more than 500 grams of cocaine with intent to distribute it. The presentence investigation report (PSR) stated that his base offense level was 26 under U.S.S.G. § 2D1.1, but set his offense level at 34 because Alvarez qualified as a career offender under U.S.S.G. § 4B1.1. It then deducted three levels from that number for acceptance of responsibility, resulting in a total offense level of 31. Pairing Alvarez's total offense level with his criminal history category of VI, the PSR calculated his guidelines range to be 188 to 235 months in prison.

At sentencing Alvarez objected to being classified as a career offender. The district court overruled his objection and expressly adopted the PSR's guidelines calculations. In light of the much lower sentences Alvarez's codefendants had received, however, the district court decided that a within-guidelines sentence would be excessive. It asked the probation officer what Alvarez's guidelines range

would have been had he not been a career offender, and the probation officer responded that it would have been 46 to 57 months in prison. After noting that the career-offender enhancement made the low end of Alvarez's guidelines range four times higher than it otherwise would have been, the district judge announced: "I'm not going to sentence him as a career offender as a matter of variance, not as a guideline departure, but as a matter of variance. I think that would be excessive. I think it would be unreasonably disparate as to the codefendants." The court ultimately imposed a sentence of 72 months in prison, followed by 96 months of supervised release.

After the court imposed the sentence, the U.S. Sentencing Commission promulgated Amendment 782, which effected a two-level reduction in the base offense level for most of the offenses covered by the drug quantity table in § 2D1.1(c). After Amendment 782 was made retroactive, Alvarez moved, under 18 U.S.C. § 3582(c)(2), to reduce his sentence. He argued that Amendment 782 reduced his base offense level under § 2D1.1, and that the reduction meant a lower guidelines range in his case. The district court denied that motion on the ground that Alvarez's "offense level was determined based on his status as a career offender," so that his guidelines range in no way depended on his base offense level under § 2D1.1.

3

"Where a retroactively applicable guidelines amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, § 3582(c)(2) does not authorize a reduction in sentence." United States v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008); see also U.S.S.G. § 1B1.10(a)(2)(B) (saying essentially the same thing). Amendment 782 amended only the drug quantity table in § 2D1.1(c). Thus, unless Alvarez's sentence was at least partly predicated on that table, § 3582(c)(2) does not authorize a reduction in his sentence.

Alvarez's sentence was not based on the drug quantity table in § 2D1.1(c). The district court formally adopted the PSR, which calculated Alvarez's sentence by applying the career offender guideline in § 4B1.1, instead of the regular drug offender guideline in § 2D1.1. The district court's decision to vary from that guideline in imposing the sentence does not mean the court applied some other guideline; that is not what a variance entails. When a sentencing court varies from a range calculated under a guideline, it does so, not by applying a different guideline, but by applying the factors from 18 U.S.C. § 3553(a) to the original guidelines calculation. See United States v. Irizarry, 458 F.3d 1208, 1211–12 (11th Cir. 2006). Thus, the fact that the district court applied a variance in calculating Alvarez's sentence does not change the fact that his guidelines range was fixed under § 4B1.1(a), rather than § 2D1.1. Amendment 782 thus had no

4

effect on his guidelines range, meaning § 3582(c)(2) does not authorize a reduction in his sentence.

**AFFIRMED.**