[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12036
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20784-MGC-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERNARD DAVID DIXON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 13, 2017)

Before ED CARNES, Chief Judge, WILSON, and JORDAN, Circuit Judges.

PER CURIAM:

After Bernard Dixon pleaded guilty to one count of conspiracy to commit bank robbery and one count of bank robbery he was convicted and sentenced to 146 months imprisonment.  He now challenges that sentence as substantively unreasonable.

In September 2016 Dixon and Joy Braxton robbed a bank together.  The pair fled and were captured by police a few blocks away from the bank.  They were arrested and indicted for conspiring to commit bank robbery, in violation of 18 U.S.C. § 371, and for the substantive charge of bank robbery, in violation of 18 U.S.C. § 2113(a).  They both pleaded guilty.[1]

Based on earlier convictions of assault with a deadly weapon and possession with intent to sell cocaine, Dixon qualified as a career offender, and his offense level was increased to 32.  U.S.S.G. §§ 4B1.1(a), (b)(3).  Braxton also qualified as a career offender based on past convictions for aggravated assault with a deadly weapon and felony battery, so her offense level was also increased to 32.  Id.  Both defendants received a 3 level reduction for their acceptance of responsibility and cooperation with authorities, U.S.S.G. § 3E1.1, giving each a total offense level of 29.  As career offenders, Dixon and Braxton's criminal history category was increased from III to VI, giving them an identical guidelines range of 151 to 188 months imprisonment.

---

[1] Braxton's conspiracy to commit bank robbery charge was dismissed in exchange for her guilty plea.

The district court held separate sentencing hearings for Dixon and Braxton.[2] At both hearings, the district court stated that it considered the suggested guidelines range, filings by counsel, and all of the § 3553 factors before imposing Dixon and Braxton's sentences. And for both of them the court explained that it would vary from the guidelines because their classification as "career offenders" under U.S.S.G. § 4B1.1 overrepresented their criminal histories.

For Dixon, the district court determined that his "advisory guideline range slightly over-represents his criminal culpability," although "not by much." For that reason, the court granted him a variance of five months from the low end of his advisory guidelines range and sentenced him to 146 months imprisonment.

For Braxton, the district court explained that her serious history of mental illness has "driven most of her contacts with the criminal justice system." So much so that her designation as a career offender did not "realistically" reflect her criminal history (which largely consisted of prostitution, drug possession, shoplifting, and disorderly conduct charges). Braxton's Presentence Investigation Report also showed a long and well-documented history of hospitalizations and medications beginning in childhood to treat bipolar disorder and schizophrenia. As

---

[2] Although the transcript of Braxton's hearing was not made part of the record on appeal, we may take judicial notice of the records of the district court. United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).

a result, the district court disregarded Braxton's classification as a career offender and varied downward to sentence her to 45 months imprisonment.[3]

Dixon contends that his sentence is substantively unreasonable because he was not sentenced similarly to Braxton, his codefendant.  He argues that the district court was required by 18 U.S.C. § 3553(a)(6) to avoid an unwarranted disparity between his and Braxton's sentence, and he claims that the district court should have given him a greater variance to bring his sentence more in line with hers.

We review the reasonableness of a sentence for an abuse of discretion. United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009).  And we will vacate a sentence only if we "are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by imposing a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc).  The fact that we might have imposed a different sentence doesn't warrant reversal.  Shaw, 560 F.3d at 1238.  The burden falls on the party challenging the sentence to prove it was unreasonable.  United States v. Cavallo, 790 F.3d 1202, 1236 (11th Cir. 2015).  Here, that's Dixon.

---

[3] Although the district court used the term "depart" to justify Braxton's sentence, it is properly considered a variance.  United States v. Irizarry, 458 F.3d 1208, 1211 (11th Cir. 2006) (holding that a district court which utilizes a properly calculated guidelines range and then considers the adequacy of that range in light of the § 3553(a) factors constitutes a variance and not a departure, despite the specific terminology employed), aff'd, 553 U.S. 708, 128 S. Ct. 2198 (2008).

When imposing a sentence, a district court must weigh the need to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). But that's not all it considers. It must also weigh, among other factors, the nature and circumstances of the offense and the defendant's history and characteristics. Id. § 3553(a)(1). Although the sentencing court must consider all of the § 3553(a) factors in imposing a sentence, it may attach greater weight to one or more of them over the others. Shaw, 560 F.3d at 1237.

Dixon has not shown that he and Braxton were similarly situated at sentencing. A "well-founded claim of disparity . . . assumes that apples are being compared to apples." United States v. Docampo, 573 F.3d 1091, 1101 (11th Cir. 2009) (citation omitted). But a disparity in sentences between codefendants in a single case is "generally not an appropriate basis for relief on appeal." Cavallo, 790 F.3d at 1237. It isn't here. According to their PSRs, Dixon and Braxton both had prior convictions of battery and assault with a deadly weapon. But Dixon also had prior convictions for burglary, robbery by force, and robbery with a firearm or deadly weapon. Dixon's longer and more violent criminal history, coupled with Braxton's documented struggle with mental illness, distinguishes the two for sentencing purposes. See 18 U.S.C. § 3553(a)(6) (stating the district court must consider avoiding "disparities among defendants with similar records . . . .")

(emphasis added).  No "unwarranted" disparity can exist when defendants are not similarly situated.  See Docampo, 573 F.3d at 1102.

The district court acted within its discretion to grant both Dixon and Braxton a variance from their guidelines range and to tailor it to reflect their individual history and characteristics under § 3553(a)(1).  See Shaw, 560 F.3d at 1238 (noting district courts are given "considerable discretion in deciding whether the § 3553(a) factors justify a variance" and the extent that one is appropriate) (citation and quotation marks omitted).  The record shows that the district court considered Dixon's role in the crime and his individual criminal history and characteristics — along with the other § 3553(a) factors — in deciding how much to vary from the applicable guidelines range.  By correctly calculating and considering the appropriate guidelines range, the district court "necessarily gave significant weight and consideration to the need to avoid unwarranted disparities."  Gall v. United States, 552 U.S. 38, 54, 128 S. Ct. 586, 599 (2007).

We are not persuaded that Dixon's sentence, which is below his guidelines range, is unreasonable simply because the district court determined that a lower sentence was appropriate for Braxton.  Braxton's sentence was based on her less severe criminal record and her personal characteristics, including her documented struggle with mental illness.  Those are factors that the district court is entitled to consider under § 3553(a).  See United States v. Williams, 526 F.3d 1312, 1324

6

(11th Cir. 2008) (holding that, a defendant's criminal history fits squarely into the history and characteristics factor of § 3553(a)(1) and could properly be considered by the court);  see also United States v. McBride, 511 F.3d 1293, 1298 (11th Cir. 2007) (affirming a downward variance from the guidelines range of 151 to 188 months in prison to 84 months in prison based on district court's finding that defendant's personal history of abuse and abandonment warranted consideration under § 3553(a)).

"[E]very case is a unique study in the human failings that sometimes mitigate, [and] sometimes magnify, the crime and the punishment to ensue." Shaw, 560 F.3d at 1237–38 (alterations and quotation marks omitted). Here, the district court simply determined that Braxton's individual circumstances and history mitigated her crime more than Dixon's did his.  See United States v. Croteau, 819 F.3d 1293, 1309 (11th Cir. 2016) (noting the district court's "considerable discretion" in deciding the "extent of a . . . variance").  Whatever sentence we might have imposed, we are not left with a "definite and firm conviction" that Dixon's 146 month sentence is outside the range of reasonable sentences as dictated by the facts of this case.  See Irey, 612 F.3d at 1190.

**AFFIRMED.**