[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12077
Non-Argument Calendar
_____

D.C. Docket No. 6:16-cr-00011-LGW-GRS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTONETTE PHILLIPS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 4, 2018)

Before JORDAN, ROSENBAUM, and HULL, Circuit Judges.

PER CURIAM:

Antonette Phillips pled guilty to one count of failing to register as a sex offender, in violation of 18 U.S.C. § 2550. The charge stemmed from an arrest for burglary in 2015 where Mr. Phillips broke into his neighbor's house and was caught in the bedroom of two young boys wearing no shirt. Mr. Phillips had been required to register as a sex offender since 1997, when he was convicted of child molestation for breaking into a different neighbor's house and sexually abusing a 12-year-old girl. Despite being required to register annually and upon each change in address, Mr. Phillips properly registered as a sex offender only once—in 2006. He was convicted twice for his failure to register in North Carolina (once in 2009 and again in 2011), yet he did not register his address when he moved back to Georgia in 2012. At sentencing, considering this criminal history and repeated failure to register, the district court varied upward from Mr. Phillips' advisory sentencing guideline range by 11 months and sentenced him to 48 months' imprisonment.

On appeal, Mr. Phillips argues that the district court "erred by imposing a sentence that was an unreasonable upward departure from the advisory sentencing guidelines." Initial Br. at 10. This argument confuses an upward *departure*, which the district court did not apply, with the district court's discretion to impose an upward *variance* based upon its consideration of the sentencing factors listed in 18 U.S.C. § 3553(a). *See United States v. Irizarry*, 458 F.3d 1208, 1211–12 (11th Cir.

2006) (concluding that "the above-guidelines sentence imposed by the district court in this case was a variance, not a guidelines departure"), *aff'd Irizarry v. United States*, 553 U.S. 708 (2008).

Mr. Phillips also contends that the district court was not permitted to vary upwards because the factors the district court relied upon "are adequately addressed in the advisory guidelines." Initial Br. at 11. We find no abuse of discretion here. *See Gall v. United States*, 552 U.S. 38, 46 (2007). As outlined above, Mr. Phillips has a history of failing to register as a sex offender. Moreover, the district court explained that his 2015 burglary was "eerily similar" to his 1997 sex crime. *See* D.E. 50 at 8. Accordingly, it concluded that Mr. Phillips' "actions and continued criminal conduct indicate [that he] present[s] a significant danger to children. The advisory guidelines simply don't adequately address the extent of that." *Id.*

On this record, we conclude that the district court's "justification for the variance [was] sufficiently compelling to support the degree of variance." *United States v. Moran*, 778 F.3d 942, 983 (11th Cir. 2015) (quotation omitted). *See also United States v. Early*, 686 F.3d 1219, 1222–23 (11th Cir. 2012) (affirming reasonableness of upward variance based upon the defendant's criminal history and inability "to conform his conduct to the requirements of law"); *United States v. Martinez-Gonzalez*, 663 F.3d 1305, 1311 (11th Cir. 2011) (affirming

reasonableness of a sentence because the district court found the defendant's "history of arrests and convictions was compelling evidence of his propensity to recidivate") (alterations adopted).

For the foregoing reasons, we affirm Mr. Phillips' sentence.

**AFFIRMED**.

4