[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14486
Non-Argument Calendar

_____

D.C. Docket No. 5:15-cr-00035-MTT-CHW-6

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CYRON NORMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(November 15, 2019)

Before ED CARNES, Chief Judge, MARCUS, and HULL, Circuit Judges.

PER CURIAM:

Cyron Norman appeals his within-guidelines sentence of 37 months in

prison, contending that his sentence is both procedurally and substantively

unreasonable because the district court failed to explain the reasons for imposing it. The government moved to enforce an appeal waiver contained in Norman's plea agreement, and we ordered that the motion be carried with the case. We now grant the motion.

Norman pleaded guilty to using a cell phone to facilitate the crime of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2. His plea agreement contained an appeal waiver that said in relevant part:

> The defendant understands that ordinarily [18 U.S.C. § 3742] will in certain cases allow for a direct appeal after sentencing followed by the Court of Appeals' limited review of [his] sentence. But once this agreement is accepted and sentence is imposed by the District Court, defendant by this agreement forever waives any right to an appeal or other collateral review of [his] sentence in any court except for a claim of ineffective assistance of counsel. However, in the event that the District Court imposes a sentence that exceeds the advisory guideline range, then the defendant shall retain only the right to pursue a timely appeal directly to the Court of Appeals after the District Court imposes its sentence.

During Norman's plea colloquy the district court asked him about that waiver. The court said:

> The plea agreement has a waiver of appeal or waiver of any right to seek review of your sentence with some exceptions. Do you understand that once you plead guilty and I accept your plea that you cannot appeal your sentence or seek review of your sentence except in accordance with the plea agreement?

2

Norman said that he did understand, and that he did not have any questions about the appeal waiver. The court asked Norman if he was "freely and voluntarily giv[ing] up [his] right to appeal or to seek review of [his] sentence except as set forth in the plea agreement," and Norman said yes.

Norman's Presentence Investigation Report calculated his guidelines range to be 37 to 46 months in prison. At the sentence hearing Norman agreed that range was correct, but he asked for probation instead of prison time in light of the assistance he provided to the government and his role in the drug conspiracy. The district court denied his request for a variance and gave him a sentence at the bottom of the guidelines range.[1]

This is Norman's appeal. He contends on three different grounds that his appeal waiver does not prevent him from bringing this appeal. None of those grounds has merit.

First, Norman contends that he did not knowingly and voluntarily waive his right to appeal. We review the voluntariness of an appeal waiver de novo. United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993). "To establish the waiver's validity, the government must show either that (1) the district court

---

[1] Norman uses the terms "departure" and "variance" interchangeably in his response to the government's motion to dismiss. At the sentence hearing he used the word "departure" to describe his request, but the government and the court used the word "variance." A departure and a variance are two different things. The more accurate term in these circumstances is "variance."

specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001). Norman argues that the district court failed to explain the waiver to him in enough detail. He says that the court did not tell him that he would be barred from appealing any contested rulings at sentencing, the court's calculation of his guidelines range, or the court's denial of his request for a downward variance.

We disagree. The court told Norman three times that he was waiving his right "to seek review of [his] sentence" except as provided in the plea agreement. Norman's right "to seek review of [his] sentence" naturally includes his right to appeal any contested issues underlying his sentence, the court's calculation of the guidelines range, and the denial of his request for a downward variance.

Norman relies on Bushert for his argument, but this case is not like Bushert. There the court told the defendant that "under some circumstances" he "may have the right to appeal" his sentence. Bushert, 997 F.2d at 1352. It did not tell him that he was waiving his right to appeal his sentence except as provided in the plea agreement. Id. Because "[i]t [was] not manifestly clear that [the defendant] understood he was waiving his appeal rights," we did not enforce his appeal waiver. Id. at 1353. But Norman was told during his plea colloquy that he was

4

waiving his right to appeal, and he said that he understood the waiver and agreed to it freely and voluntarily.  For those reasons his waiver is enforceable.  See Weaver, 275 F.3d at 1333 (enforcing waiver where "the waiver provision was referenced during [the defendant's] . . . plea colloquy and [the defendant] agreed that she understood the provision and that she entered into it freely and voluntarily").

Second, Norman contends that an exception to his appeal waiver applies because the district court imposed a sentence that was above his guidelines range. He argues that by denying his request for a variance, the court effectively miscalculated his guidelines range and imposed a sentence that was too high.  We reject that contention.  The appeal waiver allows Norman to appeal if his sentence "exceeds the advisory guideline[s] range."  We interpret that exception according to its plain meaning.  See United States v. Rubbo, 396 F.3d 1330, 1334 (11th Cir. 2005).  In ordinary legal usage, denying a variance is not the same as exceeding the guidelines range.  A variance is a "sentence set outside the advisory guidelines range." United States v. Irizarry, 458 F.3d 1208, 1212 (11th Cir. 2006) (emphasis added), aff'd, 553 U.S. 708 (2008).[2]  A variance does not change the otherwise applicable range.  Norman admitted that his guidelines range was 37 to 46 months

---

[2] The same is true of a departure, if that is what Norman intended to request.  See Irizarry, 458 F.3d at 1212; Downward Departure, Black's Law Dictionary (11th ed. 2019) ("In the federal sentencing guidelines, a court's discretionary imposition of a sentence more lenient than the standard guidelines propose . . . .") (emphasis added).

in prison.  The district court did not exceed that range when it sentenced him to 37 months in prison, so the appeal waiver's exception for an above-guidelines sentence does not apply.

Third, Norman contends that his appeal waiver is ambiguous.  We disagree.  By signing the plea agreement, Norman agreed that he "forever waive[d] <u>any</u> right to an appeal or other collateral review of [his] sentence in <u>any</u> court," with only a few exceptions.  (Emphasis added.)  None of those exceptions applies here.  Under the plain language of the plea agreement, Norman waived his right to bring this appeal.

**DISMISSED.**